09 CV 7589

David Donahue
Evan Gourvitz
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Tel.: (212) 813-5900
Fax: (212) 813-5901
ddonahue@frosszelnick.com
egourvitz@frosszelnick.com

*Counsel for Plaintiff Fidelity Information Services, Inc.*



RECEIVED
AUG 31 2009
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FIDELITY INFORMATION SERVICES, INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>DEBTDOMAIN GLMS PTE LTD.<br>and DAVID LEVY,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Fidelity Information Services, Inc. ("Plaintiff" or "Fidelity"), by its undersigned

attorneys, for its Complaint against Defendants Debtdomain GLMS Pte Ltd. ("Debtdomain") and

David Levy ("Levy" and, collectively with Debtdomain, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      This action arises out of Defendants' unauthorized and unlawful copying of

valuable elements of Fidelity's SyndTrak front-office loan-syndication computer software (the

"SyndTrak Software") and incorporation of such misappropriated elements into a competing

product marketed to Plaintiff's customers and potential customers.

2.      Fidelity's SyndTrak Software is an original program that facilitates the

underwriting of sizable loans by multiple investors.  The SyndTrak Software is known for,

among other features, its distinctive screen display and the selection, coordination, and

{F0507082.2 }

arrangement of data fields thereon, the combination of which is unique in loan syndication software and is instantly recognizable to Fidelity's many customers and others in the loan syndication industry.  The SyndTrak Software is protected under copyright and is the subject of valid and subsisting U.S. copyright registrations.  Moreover, the combination of features of the SyndTrak Software's screen display constitutes protectable trade dress.

3.      Defendant Debtdomain is a competitor of Plaintiff and sells a competing front-office loan-syndication software system, Debtdomain Syndication (the "Syndication Software"). Defendant Levy is a former employee of Fidelity whose prior company, Customized Database Systems, Inc. ("CDS"), received approximately $18 million when it merged with a Fidelity subsidiary in 2003.  After leaving Fidelity, Levy joined Debtdomain, along with two former Fidelity employees, including one who previously had been sued for misappropriating the SyndTrak Software when he left Fidelity to join a different competitor.

4.      Upon information and belief, before Levy and his cohorts joined Debtdomain, its Syndication Software looked nothing like Fidelity's SyndTrak Software.  However, with Levy's guidance, Debtdomain has systematically copied the distinctive screen display—and perhaps even more features, elements, and/or code—of the SyndTrak Software.  Moreover, upon information and belief Defendants have emphasized this copied material in their sales presentations in an attempt to associate the Syndication Software with Fidelity and its SyndTrak Software, and to improperly siphon away Fidelity's customers and potential customers.

5.      To prevent Defendants from causing further harm to Fidelity and its customers, Plaintiff asserts claims against Defendants for copyright infringement under the U.S. Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 501 *et seq.*; trade dress infringement

and unfair competition under the United States Trademark (Lanham) Act of 1946 (as amended) (the "Lanham Act"), 15 U.S.C. § 1125(a); and common law unfair competition.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1051 *et seq.*, 17 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§ 1331, 1338, and 1367.

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 because, upon information and belief, Defendants reside in and are subject to personal jurisdiction in this District, and because events giving rise to this lawsuit occurred in this District.

## PARTIES

8.     Plaintiff Fidelity Information Services, Inc., is a corporation duly organized and existing under the laws of the State of Arkansas, having its principal place of business at 601 Riverside Avenue, Jacksonville, Florida 32204.

9.     Upon information and belief, Defendant Debtdomain GLMS Pte Ltd. is a limited company organized and existing under the laws of the United Kingdom with a principal place of business at 260 Madison Avenue, 8th Floor, New York, New York 10016.

10.     Upon information and belief, Defendant David Levy is an individual who resides and works in the State of New York, with a business address of 260 Madison Avenue, 8th Floor, New York, New York 10016.

## FACTS COMMON TO ALL CLAIMS

I.     **Fidelity and Its SyndTrak Software**

11.     Fidelity is a top-ranked technology provider to the banking industry.  In the loan syndication industry, it offers integrated software, including the SyndTrak Software, that supports the lending process from deal building through servicing and trading.

12.     Fidelity is the owner of all intellectual property rights in the SyndTrak Software—a powerful application that facilitates data sharing among bankers, traders, and salespeople within loan syndication and trading firms.  Due to Fidelity's efforts SyndTrak has long been the market leader in the field.

13.     The SyndTrak Software is an original work of authorship for which copyright protection exists under the Copyright Act.  Fidelity owns all rights under copyright in the SyndTrak Software.  Fidelity also owns U.S. Copyright Registration No. TX 6-943-321 for one version of the SyndTrak Software, ACBS SyndTrak 3.1.222, a copy of which is attached hereto as Exhibit 1, and owns U.S. Copyright Registration No. TX 6-943-322 for a later version of the SyndTrak Software, ACBS SyndTrak 3.269, a copy of which is attached hereto as Exhibit 2 (collectively, the "SyndTrak Registrations").

14.     The SyndTrak Registrations are valid, subsisting, and in full force and effect.

15.     The combination of features of the SyndTrak Software's screen display (the "SyndTrak Trade Dress") is non-functional, highly distinctive, and instantly recognizable to consumers in the loan syndication industry, who exclusively associate the unique combination of elements of the SyndTrak Trade Dress with Fidelity.  The elements of the SyndTrak Trade Dress include a computer program interface divided, from top-to-bottom, into the following three main sections:

- an upper section divided into three subsections arranged side-by-side with the respective titles of "Deals" (i.e., syndicated loans), "Investors" (i.e., entities who participate in syndicated loans), and "Contacts" (i.e., each lending entity's point person(s) for communicating with arrangers of syndicated loans).  Each subsection includes (i) a text box under the title, (ii) square buttons to the immediate right of

each such text box; and (iii) an option to "link" a particular Contact or Investor to a given loan;

- below that section, a middle section that includes (i) a large, white text box for notes, and (ii) a button for saving notes; and

- below that section, a lower section that includes, from top-to-bottom, (i) a pull-down menu on the left-hand side of the screen, (ii) a header row separated into columns with headings entitled "Caller," "Contact," "Timestamp," "Deal/Stage," and "Investor," (iii) a series of rows alternating one-after-another between (a) information rows broken into columns matching the width of the columns in the header row, and (b) notes rows that span the length of several columns.

16.    The SyndTrak Trade Dress and the goodwill of the business it represents are valuable assets of Fidelity.

## III.    Defendants' Unlawful Conduct

17.    Defendant Levy formerly was the President and majority shareholder of CDS, a company that provided front-office software for loan syndication and trading, including the SyndTrak Software.  In 2003, CDS merged with a Fidelity subsidiary and, as part of the merger agreement, assigned all of CDS's intellectual property, including all then-existing versions of the SyndTrak Software, to Fidelity.  Levy received approximately half of the $18 million purchase price paid to CDS's shareholders.

18.    Levy remained employed by Fidelity, and was handsomely compensated, for more than a year after the merger.  When he left Fidelity, in 2005, he was bound by a non-competition agreement until November 30, 2007.

19.     In 2007, another former CDS employee, Seth Rothman, resigned from Fidelity and began working for IntraLinks, Inc., a competitor of Plaintiff that is not a party to this action. When he left Fidelity, Rothman improperly took proprietary and confidential information—including versions of the SyndTrak Software—with the intention of using such information to benefit IntraLinks. This led to the filing of an action, *Fidelity National Information Services, Inc. v. Rothman*, No. 07-CV-07756 (S.D.N.Y.) (JGK), which was resolved by a stipulation dated October 16, 2007 and so ordered by the Court on October 18, 2007. In that stipulation Rothman agreed, among other things, not to use Fidelity's confidential information in the future.

20.     In 2008, Levy, Rothman, and another former Fidelity employee, George Barker, formally joined Debtdomain. Levy, Rothman and Barker were intimately involved in the development and marketing of Fidelity's SyndTrak Software and, as such, had access to the SyndTrak software, including its source and object code; indeed, Rothman was a principal developer of SyndTrak.

21.     According to Debtdomain's website, Levy is Debdomain's co-CEO, "responsible for overall management and strategic direction of Debtdomain," while Rothman is "Senior Product Manager" and Barker is "Senior Developer."

22.     Debtdomain has long had its own loan syndication software program, Syndication, that, upon information and belief, has not been as commercially successful as Fidelity's SyndTrak Software in the United States and European markets for front-office loan-syndication software.

23.     Soon after Levy, Rothman, and Barker joined the company, Debtdomain dramatically changed Syndication to closely resemble the appearance of the SyndTrak Software.

24.     The Syndication Software is substantially similar to Fidelity's SyndTrak Software, and, upon information and belief, was copied from the SyndTrak Software.

25.     The appearance of the screen display of the Syndication Software also is confusingly similar to Fidelity's SyndTrak Trade Dress, and, upon information and belief, was copied from the SyndTrak Trade Dress.

26.     The similarities between Fidelity's SyndTrak Software and the SyndTrak Trade Dress, on the one hand, and the Syndication Software and the appearance of the screen display of that software, on the other hand, are no coincidence.  Rather, upon information and belief, these similarities result from Defendants' copying of significant and protectable portions of the SyndTrak Software and the SyndTrak Trade Dress, with the intention of improperly and unfairly siphoning Fidelity's SyndTrak customers.

### FIRST CLAIM FOR RELIEF:
### COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

27.     Fidelity repeats and realleges each and every allegation contained in paragraphs 1 through 26 above, as if fully repeated herein.

28.     Defendants, commencing after the creation of Fidelity's SyndTrak Software, and without Fidelity's authorization or consent, have produced, distributed, displayed, promoted, offered for license or sale, and licensed or sold the Syndication Software, which, upon information and belief, is copied and/or derived from and substantially similar to the SyndTrak Software, as registered in the SyndTrak Registrations, thereby infringing Plaintiff's exclusive rights in the SyndTrak Software in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

29.     At all relevant times herein, Defendant Levy had the right and ability to supervise and/or control the infringing conduct complained of herein, and has derived substantial financial and other benefits from such conduct.

30.     Defendants' infringement of Fidelity's exclusive rights in the SyndTrak Software is knowing and willful, has caused Fidelity damage, and has enabled Defendants to profit illegally therefrom.

31.     Defendants' conduct has caused and will continue to cause irreparable injury to Fidelity unless enjoined by this Court.  Fidelity has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF:
## TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))

32.     Fidelity repeats and realleges each and every allegation contained in paragraphs 1 through 31 above, as if fully repeated herein.

33.     The SyndTrak Trade Dress, when used on or in connection with the SyndTrak Software, is exclusively identified and associated with Fidelity in the minds of relevant consumers.

34.     Fidelity's SyndTrak Trade Dress is not functional, is highly distinctive, and is entitled to the broadest scope of protection.

35.     Defendants, commencing after the creation of Fidelity's SyndTrak Software, and without Fidelity's authorization or consent, have revised their competing Syndication Software so that the appearance of the Syndication Software's screen display closely resembles the distinctive and protectable SyndTrak Trade Dress, thereby infringing Fidelity's exclusive rights in the SyndTrak Trade Dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that relevant consumers, potential consumers, and/or the public are likely to mistakenly assume that there is an affiliation, connection, or association between Defendants and Fidelity, or that the Syndication Software is licensed, sponsored, approved by, or otherwise associated with Fidelity.

{F0507082.2 }

-8-

36.    At all relevant times herein, Defendant Levy had the right and ability to supervise and/or control the infringing conduct complained of herein, and has derived substantial financial and other benefits from such conduct.

37.    Defendants' infringement of Fidelity's exclusive rights in the SyndTrak Trade Dress is knowing and willful, has caused Fidelity damage, and has enabled Defendants to profit illegally therefrom.

38.    Defendants' conduct has caused and will continue to cause irreparable injury to Fidelity unless enjoined by this Court.  Fidelity has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF:**
**FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

39.    Fidelity repeats and realleges each and every allegation contained in paragraphs 1 through 38 above, as if fully repeated herein.

40.    Defendant's above-noted conduct is likely to cause confusion, to cause mistake, or to deceive consumers by creating the false impression that Fidelity is the source of or has licensed or sponsored Defendants' products, or by otherwise falsely suggesting an affiliation, connection, or association between Defendants' Syndication Software and Fidelity and/or its SyndTrak Software, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.    At all relevant times herein, Defendant Levy had the right and ability to supervise and/or control the infringing conduct complained of herein, and has derived substantial financial and other benefits from such conduct.

42.    Defendants' above-noted conduct is knowing and willful, has caused Fidelity damage, and has enabled Defendants to profit illegally therefrom.

43.    Defendants' conduct has caused and will continue to cause irreparable injury to Fidelity unless enjoined by this Court.  Fidelity has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF:
## COMMON LAW UNFAIR COMPETITION

44.     Fidelity repeats and realleges each and every allegation contained in paragraphs 1 through 43 above, as if fully repeated herein.

45.     Defendants' above-noted conduct constitutes unfair competition under the common law of the State of New York.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      Permanently enjoining and restraining Defendants, their officers, principals, agents, servants, employees, successors and assigns and all those in active concert or participation with any of them, from:

(a)     Infringing the copyrights in the SyndTrak Software, including, without limitation, by manufacturing, reproducing, importing, distributing, displaying, advertising, promoting, offering for sale or license, and/or selling or licensing the Syndication Software, or any other materials copied or derived from the SyndTrak Software;

(b)     Imitating, copying, or making unauthorized use of the SyndTrak Trade Dress, including, without limitation, by manufacturing, reproducing, importing, distributing, displaying, advertising, promoting, offering for sale or license, and/or selling or licensing the Syndication Software, or any other materials confusingly similar to the SyndTrak Trade Dress;

(c)     Using any false designation of origin or false description or performing any act, that can or is likely to lead members of the trade or public to believe that Defendants are associated with Fidelity or that any product manufactured, distributed, advertised, displayed, promoted, offered for sale or license, or sold or licensed by Defendants is in any manner associated or connected with Fidelity, is a genuine product of Fidelity, or is authorized, licensed, sponsored or otherwise approved by Fidelity;

{F0507082.2 }

-10-

(d)     Disposing, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records of any kind, including invoices, correspondence, books of account, receipts, or other documentation (including computer records) relating or referring in any manner to the manufacture, advertising, receiving, acquisition, promotion, display, purchase, sale, offer for sale, licensing, or distribution of the Syndication Software;

(e)     Engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Fidelity's SyndTrak Software or the SyndTrak Trade Dress;

(f)     Assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(e) above inclusive;

2.     Directing that Defendants turn over to Fidelity for inspection and copying any material or product, including the Syndication Software, in any form, containing any unauthorized reproduction, imitation or simulation, in whole or in part, that constitutes, embodies or derives from the SyndTrak Software, or that is confusingly similar to the SyndTrak Trade Dress.

3.     Directing that Defendants turn over for impoundment and eventual destruction, all materials in their possession or control, including the Syndication Software, which violate the provisions of paragraph 1(a), above, along with all articles by means of which such unauthorized copies may be reproduced.

4.     Directing that Defendants, at their own expense, recall from any distributors, retailers, vendors or others to whom it has distributed materials that violate the provisions of paragraph 1(a)-(c), above, including the Syndication Software, and that Defendants destroy or deliver up to Fidelity for destruction all materials returned to them.

5.    Granting Fidelity all damages sustained as a result of Defendants' unlawful activities described above, together with appropriate interest thereon and, in connection with Fidelity's claims under the Lanham Act, that such sums be trebled;

6.    Granting Fidelity all the gains, profits, savings, and advantages realized by Defendants from their unlawful actions described above and, in connection with Fidelity's claims under the Lanham Act, that such sums be enhanced;

7.    Granting Fidelity its full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117; and

8.    Granting Fidelity such other and further relief as the Court may consider equitable, just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands that its claims be tried to a jury pursuant to the Seventh Amendment to the United States Constitution and Federal Rule of Civil Procedure 38(b).

Dated:  August 31, 2009

Respectfully submitted,

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____
     David Donahue
     Evan Gourvitz

866 United Nations Plaza
New York, New York 10017
Tel.:  (212) 813-5900
Fax:  (212) 813-5901
ddonahue@frosszelnick.com
egourvitz@frosszelnick.com

*Counsel for Plaintiff Fidelity Information Services, Inc.*

EXHIBIT 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**IIII**
★ ★

**Registration Number:**

# TX 6-943-321

**Effective date of
registration:**

July 2, 2009

## Title

**Title of Work:** ACBS SyndTrak 3.1.222

## Completion/Publication

**Year of Completion:** 2005

**Date of 1st Publication:** August 17, 2005     **Nation of 1st Publication:** United States

## Author

■     **Author:** Fidelity Information Services, Inc.

**Author Created:** computer program

**Work made for hire:** Yes

**Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Fidelity Information Services, Inc.

601 Riverside Avenue, Jacksonville, FL, 32204, United States

## Limitation of copyright claim

**Material excluded from this claim:** Previous versions, copyright in which is owned by Claimant

**New material included in claim:** computer program

## Rights and Permissions

**Organization Name:** Fidelity Information Services, Inc.

**Address:** 601 Riverside Avenue

Jacksonville, FL 32204 United States

## Certification

**Name:**   Evan Gourvitz

**Date:**   July 2, 2009

EXHIBIT 2

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

# TX 6-943-322

**Effective date of registration:**

July 2, 2009

## Title ─────────────────────

Title of Work: ACBS SyndTrak 3.269

## Completion/Publication ─────────

Year of Completion: 2009

Date of 1st Publication: April 1, 2009          Nation of 1st Publication: United States

## Author ─────────────────────

■  Author: Fidelity Information Services, Inc.

Author Created: computer program

Work made for hire: Yes

Domiciled in: United States

## Copyright claimant ─────────────

Copyright Claimant: Fidelity Information Services, Inc.

601 Riverside Avenue, Jacksonville, FL, 32204

## Limitation of copyright claim ─────────

Material excluded from this claim: Previous versions, copyright in which is owned by Claimant

New material included in claim: computer program

## Rights and Permissions ─────────────

Organization Name: Fidelity Information Services, Inc.

Address: 601 Riverside Avenue

Jacksonville, FL 32204 United States

## Certification ─────────────────

**Name:**   Evan Gourvitz

**Date:**   July 2, 2009