Mark H. Moore
Alice K. Jump
REAVIS PARENT LEHRER LLP
41 Madison Avenue
New York, New York 10010
Tel.: (212) 763-4100
Fax: (212) 763-4141
mmoore@rpl-law.com
ajump@rpl-law.com

*Attorneys for Plaintiff Fidelity Information Services, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FIDELITY INFORMATION SERVICES, INC., | |
| Plaintiff, | ECF Case |
| v. | Case No. 09-cv-07589 (LAK) |
| DEBTDOMAIN GLMS PTE LTD., DEBTDOMAIN (USA) INC., and DAVID LEVY, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF FIDELITY INFORMATION SERVICES, INC.'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND TO ADD AN ADDITIONAL PARTY**

{00166462}

Mark H. Moore
Alice K. Jump
REAVIS PARENT LEHRER LLP
41 Madison Avenue
New York, New York 10010
Tel.: (212) 763-4100
Fax: (212) 763-4141
mmoore@rpl-law.com
ajump@rpl-law.com

*Attorneys for Plaintiff Fidelity Information Services, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FIDELITY INFORMATION SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> DEBTDOMAIN GLMS PTE LTD., DEBTDOMAIN (USA) INC., and DAVID LEVY, <br><br> Defendants. | ECF Case <br><br> Case No. 09-cv-07589 (LAK) |

**MEMORANDUM OF LAW IN SUPPORT**
**OF PLAINTIFF FIDELITY INFORMATION**
**SERVICES, INC.'S MOTION FOR LEAVE TO FILE A SECOND**
**AMENDED COMPLAINT AND TO ADD AN ADDITIONAL PARTY**

Plaintiff Fidelity Information Services, Inc. ("Fidelity" or "Plainitff")

submits this memorandum of law in support of its motion for leave to file a Second

Amended Complaint pursuant to Rules 15(a) and 21 of the Federal Rules of Civil

Procedure. This action, filed against Debtdomain (USA) and Debtdomain GMLS Pte

Ltd. (collectively "Debtdomain"), asserts copyright, Lanham Act and unfair competition

claims arising out of defendants' unauthorized and unlawful copying of valuable

elements of Fidelity's SyndTrak front-office loan syndication computer software (the "SyndTrak Software"), the misappropriation of the distinctive elements of the SyndTrak Software's screen display (the "SyndTrak Trade Dress"), the incorporation of such misappropriated elements into a competing product, and the marketing of the infringing product to Fidelity's customers and potential customers.

The purpose of the amendment is to add additional factual allegations regarding Fidelity's claims against the individual defendant, David Levy ("Levy"), a former high level employee of Plaintiff who is now Chief Executive Officer of Debtdomain. The additional allegations assert that Levy instigated, participated in and materially contributed to the wrongful conduct that forms the basis of Plaintiff's copyright, Lanham Act and unfair competition claims. Plaintiff also seeks to add a claim for breach of contract, based on its good faith belief that Levy violated the terms of a Non-Competition Agreement dated November 30, 2003 (the "Non-Competition Agreement"), whereby he was prohibited from soliciting Fidelity customers or joining a Fidelity competitor before the term of the Non-Competition Agreement expired on November 30, 2007.

Finally, Plaintiff seeks to add Seth Rothman ("Rothman") as an additional defendant. Rothman, a former employee of Fidelity who, like Levy, was directly involved in the development of the SyndTrak Software, became an employee of Debtdomain in 2008. Like Levy, Rothman knowingly and willfully participated in and contributed to the infringement of the SyndTrak Software and the SyndTrak Trade Dress and the marketing of defendants' infringing product to customers or prospective customers of Fidelity.

{00177665; 1}                    2

As set forth below, because none of the defendants have answered the Amended Complaint in this action, and because discovery has not yet begun, no party will be prejudiced by the amendment and addition of a related party defendant. Accordingly, the Court should grant the motion to amend in its entirety.

## PROCEDURAL BACKGROUND

On August 31, 2009, Fidelity filed its initial complaint in this action against defendants Debtdomain GLMS Pte Ltd. and David Levy ("Levy") for copyright infringement, violations of the Lanham Act, and unfair competition. On September 11, 2009, Fidelity amended the complaint as of right to add an additional defendant, Debtdomain (USA) Inc. The substantive allegations remained unchanged. To date, Debtdomain GLMS Pte Ltd. has not appeared in the proceeding.

On November 4, 2009, defendants Debtdomain (USA) Inc. and Levy filed a motion to dismiss pursuant to Fed. Rule 12(b). In an Order dated January 4, 2010 (the "Order"), the Court denied the motion as to defendant Debtdomain (USA) and granted the motion with respect to defendant Levy without prejudice. The Court stated "...as it cannot be said that plaintiff cannot state a legally sufficient claim against Levy, the dismissal against him is without prejudice to the filing...of a second amended complaint amplifying and supplementing only those allegations which seek to do so."

By this motion, Fidelity accepts the Court's invitation and seeks to file the proposed Second Amended Complaint that amplifies and supplements the facts that give rise to the copyright, Lanham Act and unfair competition claims against Levy. The proposed Second Amended Complaint also asserts a breach of contract claim against Levy, arising out of his violation of the Non-Competition Agreement. In addition, the

proposed Second Amended Complaint names Rothman as an additional defendant on the basis that he, along with Levy, participated in the wrongful conduct that gives rise to the copyright, Lanham Act and unfair competition claims.

## ARGUMENT

### POINT I

### LEAVE TO AMEND AND SUPPLEMENT THE CLAIMS AGAINST LEVY SHOULD BE GRANTED

Fed. R. Civ. P. 15(a) states that "the court should freely give leave [to amend] when justice so requires." When there is no countervailing factor such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, or obvious futility, "the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); *Rachman Bag Company. v. Liberty Mutual Insurance Company*, 46 F.3d 230, 234 (2d Cir. 1995).

Here, there is no countervailing factor that would warrant denial of leave to amend. There has been no undue delay, bad faith or dilatory motive. Plaintiff moved to amend promptly, at the direction of the Court. There is no repeated failure to cure deficiencies in the pleading. This is the first amendment made in response to a motion to dismiss. Nor is the amendment futile. In the Order, the Court acknowledged that viable claims against Levy were possible, declaring that "it cannot be said that Plaintiff cannot state a legally sufficient claim against Levy."

It is the rule in this Circuit to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith. *Urban Box Office Network, Inc. v. Interfase Managers, L.P.*, 232 F.R.D. 169, 171 (S.D.N.Y. 2004), *citing*

*Block v. First Blood Assocs.*, 988 F.2d. 344, 350 (2d Cir. 1993).  Defendants cannot show any prejudice if leave to amend is granted.  Levy has been a party to the proceeding since the action was first commenced.  The allegations of the proposed Second Amended Complaint arise out of the same nucleus of facts that were alleged in the original complaint, so there is no unfair surprise.  The amendment is made at an early stage of the litigation, before any answer has been filed or any discovery has occurred, and will not cause any delay or disruption in the proceedings.  Indeed, courts routinely permit amendment when it is requested at an early stage of a case.  *E\*Trade Financial Corp. v. Deutsche Bank AG*, 420 F. Supp.2d 273, 282 (S.D.N.Y 2006).  In sum, because there has been no prejudice or bad faith, and the Court has already determined that an amendment would not be futile, Plaintiff should be permitted to file the Second Amended Complaint.

## POINT II

### LEAVE TO AMEND TO ADD
### SETH ROTHMAN AS A DEFENDANT SHOULD BE GRANTED

The addition of new parties is governed by Fed. R. Civ. P. 21 which provides in relevant part that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  The same "standard of liberality" favoring amendment under Rule 15 applies to Rule 21.  *Chowdhury v. Haveli Restaurant Inc.*, 04 CV 8627, 2005 WL 1037416 at \* 1 (S.D.N.Y. May 3, 2005), *citing FTD Corporation v. Bankers Trust Company*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997) ("although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule.")

As discussed above, in the absence of bad faith, delay or prejudice, there is no basis for denying Plaintiff's application to add Rothman as an additional party.  The

allegations against Rothman essentially mirror the allegations against Levy with respect to the wrongful conduct giving rise to the copyright, Lanham Act and unfair competition claims. Because the Second Amended Complaint has set forth facts sufficient to state a claim against both individuals, joinder of Rothman as a defendant is fully justified.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for leave to amend and to add an additional party should be granted, and the Court should permit the filing of the Second Amended Complaint.

Dated:  January 22, 2010
        New York, New York

Respectfully submitted,

**REAVIS PARENT LEHRER LLP**
*Attorneys for Plaintiff*
*Fidelity Information Services, Inc*

By _Mark H. Moore_

   Mark H. Moore (MM-8604)
   mmoore@rpl-law.com
   Alice K. Jump (AJ-9314)
   ajump@rpl-law.com
   41 Madison Avenue, 41st Floor
   New York, NY 10010
   Tel.: (212) 763-4100
   Fax: (212) 763-4141