**CHADBOURNE & PARKE LLP**

Paul Tanck
direct tel (212) 408-1116
PTanck@chadbourne.com

**MEMO ENDORSED**

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369



JUL 28 2010

July 27, 2010

MEMO ENDORSED

VIA HAND

The Honorable Kevin N. Fox
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Courtroom 20A
New York, New York 10007-1312

    Re: *Fidelity Information Servs., Inc. v. Debtdomain GLMS Pte LTD., et al.*
        Case No. 09-cv-07589-LAK

Dear Judge Fox:

    We represent the defendants ("Defendants") in the above-referenced action and write regarding Plaintiff's deficient amended privilege log.

    On, July 21, 2010 Defendants wrote to Plaintiff explaining that its privilege log failed to provide a separate log entry for each document that Plaintiff has withheld from production. See Exhibit A. Defendants' letter explained that Plaintiff's privilege log inappropriately grouped multiple documents/emails together into a single log entry, making it impossible to make a judgment as to whether these documents/emails should be protected from disclosure. Id. Defendants further requested that Plaintiff provide an amended log that complies with the Federal Rules of Civil Procedure and Local Rule 26.2 of this Court, which provides a separate log entry for each document withheld. On July 26, 2010, Plaintiff provided an amended privilege log which provided a separate log entry for a handful of the grouped entries. See Exhibit B.

    Plaintiff's amended privilege log lists many documents withheld on the basis of the attorney-client privilege despite the fact that in many instances no attorney was included in the communication. See id. at log entry nos. 116E, 129C, 129D, 135A, 135B, 135D, 135E, 142A, 143A, 254A, 295A, 295B, 295K. Moreover, these log entries lack adequate descriptions under Fed. R. Civ. P. 26 to allow Defendants to properly assess Plaintiff's claims of privilege. Plaintiff has refused Defendants' request that Plaintiff produce these documents. See Exhibit C.

    Under the Federal Rules of Civil Procedure, when a party withholds otherwise discoverable information by claiming privilege, the party must "expressly make the claim" and "describe the nature of the documents." Fed R. Civ. P. 26(b)(5)(A). This must be done in

CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox           -2-                    July 27, 2010

"sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure." Grand River Enters. v. King, No. 02 Civ. 5068(JFK), 2009 WL 63461, at *3 (S.D.N.Y. Jan.12, 2009) (quoting United States v. Constr. Prods. Research, 73 F.3d 464, 473 (2d Cir.1996)). We note that one of the consequences of serving a deficient privilege log may be the waiver of a privilege claim. Grand River, 2009 WL 63461, at *4.

The descriptions provided by Plaintiff in its amended privilege log for log entry nos. 116E, 129C, 129D, 135A, 135B, 135D, 135E, 142A, 143A, 254A, 295A, 295B, and 295K are inadequate to support Plaintiff's claims of the attorney-client and work product privileges. Accordingly, Defendants respectfully request that the Court order the production of these 13 documents or, in the alternative, that these documents be provided to the Court for in camera review.

> 7/29/10
> The plaintiff shall provide to the Court expeditiously, the 13 documents, identified immediately above, for in camera review by the Court.
>       SO ORDERED:
>       /s/ Kevin Nathaniel Fox
>       KEVIN NATHANIEL FOX, U.S.M.J.

Respectfully submitted,

Paul Tanck
*Counsel for Defendants*

cc:  *Via Email*
     Mark H. Moore, Esq.
     Reavis Parent Lehrer LLP
     41 Madison Avenue, 41st Floor
     New York, NY 10010
     Tel.: (212) 763-4100
     Fax: (212) 763-4141

     *Counsel for Plaintiff*
     Fidelity Information Services, Inc.