# REAVIS PARENT LEHRER LLP

**Mark H. Moore***          AUG 02 2010          41 Madison Avenue
mmoore@rpl-law.com                                                                                    41st Floor
                                                                                                                           New York, NY 10010

Partners, Counsel and Associates in New York                            Telephone (212) 763-4100
Affiliated Attorneys in Los Angeles and San Francisco                    Facsimile (212) 763-4141

*Admitted in New York                                                                                     www.rpl-law.com

## MEMO ENDORSED

July 30, 2010



**VIA HAND DELIVERY**

The Honorable Kevin N. Fox
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Courtroom 20A
New York, NY 10007-1312

Re: *Fidelity Information Servs., Inc. v. Debtdomain GLMS Pte LTD., et al.*
     Case No. 09-cv-07589 (LAK) (KNF)

Dear Judge Fox:

       We represent plaintiff Fidelity Information Services, Inc. ("Fidelity") in the above action. Pursuant to the Court's Endorsed Letter Order dated July 29, 2010 (Docket # 86), enclosed are the emails listed on Fidelity's Amended Privilege Log as entry nos. 116E, 129C, 129D, 135A, 135B, 135D, 135E, 142A, 143A, 254A, 295A, 295B, and 295K.[1]

       As set forth in our July 27, 2010 letter to Your Honor, each of the 13 entries that Defendants list in their July 27 letter constitute email communications that were engaged in by former and/or present Fidelity employees in anticipation of litigation and/or for purposes of obtaining or providing information to facilitate the rendition of legal advice from outside or in-house counsel. All of these 13 emails were parts of email strings that started from, or incorporated emails from, Fidelity's in-house counsel, Ms. Pamela Green, or its outside litigation counsel at the time, Mr. David Donahue of the firm Fross Zelnick. In order to make the privileged contexts of these emails as clear as possible, we are providing the Court with a few emails that were part of the chain of the subject emails, or which relate directly to the creation of the subject email.

---

[1] Please note that nos. 135A, 135D, 135E were inadvertently dated June 24, 2009 on Fidelity's Amended Privilege Log. These three emails are dated June 26, 2009, but are part of a string of emails also dated June 24, 2009.

{00491430; 1}

Hon. Kevin N. Fox
July 30, 2010
Page 2 of 2

Indeed, it is also quite apparent from the subject lines of these emails that they pertain to: (i) discussions about this lawsuit or the gathering of information for this lawsuit (*see, e.g.*, 116E, 129C, 129D, 142A, 143A); (ii) information Fidelity employees were obtaining to provide to counsel concerning Fidelity's SyndTrak copyright filings (*see, e.g.*, 135A, 135B, 135D, 135E, 295A, 295B, 295K); or (iii) Fidelity's licensing activities with SyndTrak (*see, e.g.*, 254A).

Consequently, these emails, even if between former and current Fidelity employees, were exchanged in an effort to obtain information in anticipation of a possible litigation with Debtdomain and/or for the purposes of obtaining or providing specifically requested information to facilitate Fidelity's counsel's rendition of legal advice.

Contrary to Defendants' assertion, it is well settled that an attorney need not be personally named on a communication for it to fall under the attorney/client privilege or work product doctrine.[2] The emails that we have provided that demonstrate the context of the 13 emails in question bear this out. Accordingly, Fidelity respectfully submits that the 13 emails are protected by the attorney-client privilege and/or work product doctrine, and therefore should not be produced to Defendants.

Respectfully submitted,

Mark H. Moore

Enclosure

cc: Scott S. Balber, Esq. (via e-mail w/o encls.)

8/11/10
The plaintiff shall submit to the Court, expeditiously, on four separate sheets, only the text of e-mail messages Nos. 143A, 254A, 295A and 295B. The other e-mail messages identified in this writing have been reviewed by the Court and need not be disclosed to the defendant as they are shielded from disclosure by the attorney/client privilege or the work product doctrine. SO ORDERED:

_____ [signature], U.S.M.J.

---

[2] *Johnson Matthey, Inc. v. Research Corp.*, 2002 WL 1728566, at *9 (S.D.N.Y. July 24, 2002) ("The fact that the privilege log does not list an attorney as an author or recipient of any of these documents does not mean that work product protection is unavailable."); *In re Rivastigmine Patent Litigation*, 237 F.R.D. 69, 80 (S.D.N.Y. 2006) (communications among non-attorneys in corporation may be privileged if made at direction of counsel to gather information to aid counsel in providing legal services).

{00491430; 1}