# REAVIS PARENT LEHRER LLP

Mark H. Moore*
mmoore@rpl-law.com

Partners, Counsel and Associates in New York
Affiliated Attorneys in Los Angeles and San Francisco

*Admitted in New York



RECEIVED
SEP - 9 2010
CHAMBERS OF
KEVIN NATHANIEL FOX
U.S. MAGISTRATE JUDGE

41 Madison Avenue
41st Floor
New York, NY 10010

Telephone (212) 763-4100
Facsimile (212) 763-4141

www.rpl-law.com

September 10, 2010

**Via Facsimile**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/13/10

The Honorable Kevin N. Fox
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Courtroom 20A
New York, NY 10007-1312

**MEMO ENDORSED**

Re:   *Fidelity Information Servs., Inc. v. Debtdomain GLMS Pte LTD., et al.*
      Case No. 09-cv-07589 (LAK) (KNF)

Dear Judge Fox:

We represent plaintiff Fidelity Information Services, Inc. ("Fidelity") in the above action. We write in response to Defendants' September 7, 2010 letter to Your Honor regarding Defendants' request for "guidance" on how to proceed with the deposition of and document production by Mr. Garry Viner as ordered by the Court in its August 12, 13, and 24, 2010 Orders (*see* docket entry nos. 92, 94, and 97, respectively) ("the Viner Orders").

FIS submits that Defendants' September 7 letter is yet another attempt to seek reconsideration of this Court's explicit order. The Court has already determined that Defendants have sufficient control over Mr. Viner for the Court to order production of Mr. Viner in London as part of discovery from defendant Debtdomain GLMS PTE Ltd. (*See* Viner Order dated August 12, 2010, docket no. 92) (finding that Defendants failed to rebut evidence that Mr. Viner is an employee or managing agent of a Debtdomain entity).

There is absolutely nothing new in the latest submission to the Court. The letter from Mr. Viner, attached as Exhibit 2 to Defendants' September 7 letter, does no more than restate the arguments already made in the Declarations of David Levy and Sean Tai which were previously rejected by this Court. The issue of where Mr. Viner would be deposed was previously before the Court and the Court was fully aware that Mr. Viner resided in Australia when it issued the Viner Orders. Consequently, the issue of the

{00556562; 1}

Hon. Kevin N. Fox
September 10, 2010
Page 2 of 3

location of the deposition should not be reconsidered at this stage. (Defendants have not even offered to foot the costs of FIS' deposing Mr. Viner in Australia, another sign of their bad faith.)

Further, Defendants' September 7 letter and Mr. Viner's letter attached thereto totally fail to address document production in any way, and to date, Defendants have not produced even a single page of Mr. Viner's documents in response to the Viner Orders.

The evidence obtained so far shows that Mr. Viner, under the guidance of defendant Seth Rothman, played a key role in developing Defendants' infringing and misappropriated software. It is therefore wholly disingenuous for Mr. Viner to contend that this lawsuit "simply does not concern him."

As to Defendants' suggestion that the deposition be telephonic, there is nothing in the Federal Rules that requires that a party accept this poor alternative to a face to face deposition. Mr. Viner, who directly assisted Seth Rothman and David Levy in the copying and misappropriation of Fidelity's SyndTrak software product, is a key witness. Moreover, the fourteen hour time difference between New York and Australia would make a telephonic deposition even less effective than a direct one.

Accordingly, Fidelity requests that the Court adhere to its prior, repeated decisions that Mr. Viner's documents be produced and his deposition go forward in London. Fidelity requests that the documents be produced at least ten business days prior to the deposition so that they may be effectively used therein.

In light of the above, Fidelity also requests that the summary judgment schedule and the settlement conference in this matter be postponed for a one month period, in view of defendants' outrageous attempt to further disadvantage Fidelity in obtaining full disclosure. As we previously advised the Court, Mr. Viner's testimony is of great importance to Fidelity with respect to both the merits and any settlement discussions. Fidelity shortly will also be raising the need for an additional extension of time to address the gamesmanship and litigation misconduct perpetrated by Debtdomain GLMS by moving to dismiss on service grounds, resisting all GLMS discovery and then waiting until yesterday, days before the end of discovery, to assert baseless counterclaims.

In any event, the October 4, 2010 set for the scheduling conference is also a difficult day for Richard Levy, who is President of the Fidelity division which offers the SyndTrak product, and who will be a key participant in the settlement discussions. October 4 is his first working day back in the country after several weeks of business travel abroad. If the Court is not willing to postpone the settlement conference for an entire month, we would respectfully request that it be adjourned until October 7 or 11,

9/13/10
Application denied.
SO ORDERED:
/Kevin Nathaniel Fox/
KEVIN NATHANIEL FOX, U.S.M.J.

{00556562; 1}

Hon. Kevin N. Fox
September 10, 2010
Page 3 of 3

2010, so that he can be more fully prepared for the conference. (Defendants have not responded to our resisting request for an adjournment of the date, which we made by e-mail yesterday.)

Respectfully submitted,

*Mark H. Moore*

Mark H. Moore

cc: Scott S. Balber, Esq.

{00556562; 1}