UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIDELITY INFORMATION SERVICES, INC.,<br><br>                    Plaintiff,<br>               v.<br><br>DEBTDOMAIN GLMS PTE LTD.,<br>DEBTDOMAIN (USA) INC.<br>and DAVID LEVY,<br><br>                    Defendants. | Case No. 09-cv-07589-LAK<br><br>ECF Case |

**NOTICE OF DEPOSITION OF FIDELITY INFORMATION SERVICES, INC.
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, on February 19, 2010, defendants Debtdomain (USA), Inc. and David Levy ("Defendants"), by and through their attorneys, shall take the deposition of plaintiff Fidelity Information Services, Inc. ("Plaintiff") by oral examination. Plaintiff is directed, pursuant to Federal Rule of Civil Procedure 30(b)(6), to designate one or more officers, directors, managing agents, or other persons who consent and are most knowledgeable to testify on their behalf with respect to the matters set forth in Schedule A attached hereto. Plaintiff is further directed to produce the documents, records or other materials set forth in Schedule B attached hereto at or before the deposition. All subject matter set forth in Schedules A and B are subject to the Terms and Instructions contained in Schedule A.

Said deposition shall commence at 9:00 a.m. on the aforementioned date at the offices of Chadbourne & Parke LLP at 30 Rockefeller Plaza, New York, NY. If not completed on the scheduled date the deposition shall continue thereafter day to day until completed, with

such adjournments as to time and place as may be necessary.

The deposition will be taken under oath and conducted before a certified shorthand reporter authorized to administer oaths. The deposition may be videotaped and recorded by stenographic means.

A list of all parties or attorneys on whom this Notice of Deposition is being served is shown on the accompanying proof of service.

Dated: February 5, 2010  
       New York, New York

CHADBOURNE & PARKE LLP

By /s/ Scott Balber  
   Scott S. Balber (SB-5807)  
   SBalber@chadbourne.com  
   John A. Squires (JS-8609)  
   JSquires@chadbourne.com  
   Charles Fish (CF-8743)  
   CFish@chadbourne.com  
   Paul J. Tanck (PT-2382)  
   PTanck@chadbourne.com

30 Rockefeller Plaza  
New York, New York  10112  
Tel.: (212) 408-5100  
Fax: (212) 541-5369

*Attorneys for Defendant*  
Debtdomain (USA), Inc.

## SCHEDULE A

### DEFINITION OF TERMS AND INSTRUCTIONS

Defendant hereby incorporates by reference the definitions set forth in Local Civil Rule 26.3 of this Court. In addition, as used in the requests for production stated herein, the following terms shall have the scope and meaning indicated:

1.  "Plaintiff" refers to Fidelity Information Services, Inc., its predecessors and affiliated entities, including all divisions and subsidiaries, and its employees, attorneys, and representatives.

2.  "Debtdomain" refers to Debtdomain (USA), Inc and Debtdomain GLMS Pte Ltd.

3.  "SyndTrak" refers to all versions of Plaintiff's SyndTrak loan syndication software program, including the versions identified in the copyright registrations appended to Plaintiff's First Amended Complaint.

### TOPICS FOR EXAMINATION

1.  The bases for each of the allegations in the proposed Second Amended Complaint.

2.  David Levy contacted FIS customers or prospective customers on behalf of Debtdomain prior to November 30, 2007 as alleged in paragraph 26 of the proposed Second Amended Complaint.

3.  "[P]rior to November 30, 2007, Levy's name appeared as 'co-CEO' on Debtdomain's website" as alleged in paragraph 26 of the proposed Second Amended Complaint.

4.  David Levy's Non-Competition Agreement with Plaintiff as alleged in paragraphs 22 and 23 of the proposed Second Amended Complaint.

5. David Levy and Seth Rothman's personal participation in the marketing and sales of Debtdomain's allegedly infringing product as alleged in paragraph 34 of the proposed Second Amended Complaint.

6. The creation, design, development and any related documentation and management of the allegedly infringed SyndTrak software screen display(s).

7. The similarities between the allegedly infringed SyndTrak software screen display(s) and Debtdomain's software as alleged in paragraphs 4 and 33 of the proposed Second Amended Complaint.

8. The factual investigation undertaken by Plaintiff prior to filing each iteration of the complaint in this action.

9. Actual or prospective customers that have expressed any confusion regarding the SyndTrak or Debtdomain software programs.

10. Marketing, sales and pricing (both actual and projected) of the SyndTrak software.

11. Any damages or other harm sustained by Plaintiff or projected to be sustained by Plaintiff caused by the actions of Seth Rothman, David Levy or Debtdomain.

12. The preparation and filing of the copyright applications in connection with the copyrights asserted in this action.

13. All customer (and prospective customer) feedback (including comments, surveys, etc.) regarding the SyndTrak software and Debtdomain software.

14. Plaintiff's product road map and the development of a web-based loan syndication software program.

15. The lawsuit and claims filed by FIS in <u>Fidelity National information Services, Inc.</u> v. <u>Rothman</u>, No. 07-CV-07756 (S.D.N.Y.) (JGK), as referenced in paragraph 20 of the First Amended Complaint.

16. All/any document destruction and/or retention policies of Plaintiff and/or document destruction and/or retention policies of any facility(ies) used and/or occupied by Defendants, including documents in electronic form.

17. Plaintiff's policies and or procedures concerning the maintenance of confidential or proprietary information.

## SCHEDULE B

## GENERAL INSTRUCTIONS

1. Plaintiff shall produce all responsive documents and things.

2. Should Plaintiff withhold any documents or things responsive to the following requests, Plaintiff is requested to identify (as defined above) each document or thing withheld and furnish the following additional information:

    a. the topic to which the document or thing is responsive;

    b. identify each person to whom the document or thing was disclosed;

    c. identify the person(s) who maintain(s) or maintained custody of the document or thing; and

    d. state the basis for withholding the document or thing.

3. Each document or thing should be segregated and identified by the topic to which it is primarily responsive.

4. Should Plaintiff find the meaning of any term in the following requests to be unclear, then Plaintiff should assume a reasonable meaning, state that assumed meaning, and respond to the request on the basis of that assumed meaning.

5. If Plaintiff is unable to comply fully with any request herein, it should comply to the extent possible and provide a detailed explanation as to why it cannot comply fully.

6. These discovery requests are deemed to be continuing in nature and Plaintiff is requested to amend and/or supplement the responses hereto in accordance with the Federal Rules of Civil Procedure.

## **DOCUMENTS TO BE PRODUCED**

1. All documents reviewed, referred to or relied upon in preparation for this deposition.
2. All documents relating to each of the respective topics listed in Schedule A.
3. All documents relied upon or intended to be used by Plaintiff as evidence to support their position(s) in connection with each respective topic listed in Schedule A.