**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FIDELITY INFORMATION SERVICES, INC.,<br><br>       Plaintiff,<br>    v.<br><br>DEBTDOMAIN GLMS PTE LTD.,<br>DEBTDOMAIN (USA) INC.<br>and DAVID LEVY,<br><br>       Defendants. | Case No. 09-cv-07589-LAK<br><br>ECF Case |

**AMENDED NOTICE OF DEPOSITION OF FIDELITY INFORMATION
SERVICES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, on **May 4, 2010**, **May 7, 2010** and **May 12, 2010**, defendants Debtdomain (USA), Inc., David Levy, and Seth Rothman ("Defendants"), by and through their attorneys, shall take the deposition of plaintiff Fidelity Information Services, Inc. ("Plaintiff") by oral examination. Plaintiff is directed, pursuant to Federal Rule of Civil Procedure 30(b)(6), to designate one or more officers, directors, managing agents, or other persons who consent and are most knowledgeable to testify on their behalf with respect to the matters set forth in Schedule A attached hereto. Plaintiff is further directed to produce the documents, records or other materials set forth in Schedule B attached hereto at or before the deposition. All subject matter set forth in Schedules A and B are subject to the Terms and Instructions contained in Schedule A.

The May 4, 2010 deposition shall commence at 10:00 a.m. at the offices of Chadbourne & Parke LLP at 30 Rockefeller Plaza, New York, NY. The May 7, 2010 deposition shall commence at 10:00 a.m. at the offices of Chadbourne & Parke LLP at 30 Rockefeller Plaza,

New York, NY.  The May 12, 2010 deposition shall commence at 9:00 a.m. at the offices of Chadbourne & Parke LLP at 30 Rockefeller Plaza, New York, NY.  If not completed on the scheduled dates the depositions shall continue thereafter day to day until completed, with such adjournments as to time and place as may be necessary.

The deposition will be taken under oath and conducted before a certified shorthand reporter authorized to administer oaths.  The deposition may be videotaped and recorded by stenographic means.

A list of all parties or attorneys on whom this Notice of Deposition is being served is shown on the accompanying proof of service.

| | |
|---|---|
| Dated:  April 27, 2010<br>            New York, New York | CHADBOURNE & PARKE LLP<br><br>By /s/ Scott Balber_____<br>    Scott S. Balber<br>    SBalber@chadbourne.com<br>    Paul J. Tanck<br>    PTanck@chadbourne.com<br><br>    30 Rockefeller Plaza<br>    New York, New York  10112<br>    Tel.: (212) 408-5100<br>    Fax: (212) 541-5369<br><br>    *Attorneys for Defendants* |

## SCHEDULE A

### DEFINITION OF TERMS AND INSTRUCTIONS

Plaintiff will be examined on all of the topics on May 12, 2010, except for topic 1, which will occur on May 4, 2010 and topic 2, which will occur on May 7, 2010.

Defendants hereby incorporates by reference the definitions set forth in Local Civil Rule 26.3 of this Court. In addition, as used in the requests for production stated herein, the following terms shall have the scope and meaning indicated:

"Plaintiff" refers to Fidelity Information Services, Inc., its predecessors and affiliated entities, including all divisions and subsidiaries, and its employees, attorneys, and representatives.

"Debtdomain" refers to Debtdomain (USA), Inc and Debtdomain GLMS Pte Ltd.

"SyndTrak" refers to all versions of Plaintiff's SyndTrak loan syndication software program, including the versions identified in the copyright registrations appended to Plaintiff's First Amended Complaint.

### TOPICS FOR EXAMINATION

1.  (**May 4, 2010**) Document destruction and/or retention of Plaintiff's electronic documents prior to October 1, 2008 and information regarding the tape backup set for each of the following 3 dates, June 5, 2006, July 11, 2007 and September 26, 2008, including (1) how many backup tapes exist for each of the above dates; (2) the type of media used for those backup tape(s) (ie: DLT, LTO, etc.); (3) the identity of the mail stores (databases) containing the mailboxes for Richard Levy, Scott Kostyra, Josh Robinson, Brad Medd, Ariel Elkayam, Eric Cetron, Shanin Clarke, Bill Butryn, Pedro Pererio, Mark Scherban, Paul Hirschhorn, and Kaushi Punjabi; (4) the size (bytes) of each store identified in (3) above.

2. (**May 7, 2010**) The timing and circumstances surrounding the litigation hold instituted by Plaintiff in this action.

3. (**May 12, 2010**) David Levy contacted customers on behalf of Debtdomain prior to November 30, 2007.

4. (**May 12, 2010**) The allegation that "prior to November 30, 2007, Levy's name appeared as "co-CEO" on Debtdomain's website" as alleged in paragraph 26 of the proposed Second Amended Complaint.

5. (**May 12, 2010**) The creation, design, documentation/management and development of the allegedly infringed SyndTrak screen display and the SyndTrak software.

6. (**May 12, 2010**) The factual investigation undertaken by Plaintiff prior to filing each iteration of the complaint in this action

7. (**May 12, 2010**) Communications by Plaintiff with actual or prospective customers relating to this action, including any information relating to any customer confusion regarding the SyndTrak or Debtdomain software.

8. (**May 12, 2010**) Marketing and sales (both actual and projected) of SyndTrak software.

9. (**May 12, 2010**) Any damages or other harm sustained by Plaintiff or projected to be sustained by Plaintiff caused by the actions of Rothman, Levy or Debtdomain.

10. (**May 12, 2010**) The preparation and filing of the copyright applications in connection with the copyrights asserted in this action.

11. (**May 12, 2010**) All customer (and prospective customer) feedback (including comments, surveys, etc.) regarding the SyndTrak software and Debtdomain software.

12.     (**May 12, 2010**) Plaintiff's product road map and the development of a web-based loan syndication software program.

13.     (**May 12, 2010**) The lawsuit and claims filed by FIS in <u>Fidelity National information Services, Inc</u>. v. <u>Rothman</u>, No. 07-CV-07756 (S.D.N.Y.) (JGK), as referenced in paragraph 20 of the First Amended Complaint.

14.     (**May 12, 2010**) All/any document destruction and/or retention policies of Defendants and/or document destruction and/or retention policies of any facility(ies) used and/or occupied by Defendants, including documents in electronic form.

15.     (**May 12, 2010**) Defendants' policies and or procedures concerning the maintenance of confidential or proprietary information.

16.     (**May 12, 2010**) The differences between the SyndTrak Software Version 3.1.222 and the immediately preceding version.

## SCHEDULE B

## **GENERAL INSTRUCTIONS**

1. Plaintiff shall produce all responsive documents and things.

2. Should Plaintiff withhold any documents or things responsive to the following requests, Plaintiff is requested to identify (as defined above) each document or thing withheld and furnish the following additional information:

   a. the topic to which the document or thing is responsive;

   b. identify each person to whom the document or thing was disclosed;

   c. identify the person(s) who maintain(s) or maintained custody of the document or thing; and

   d. state the basis for withholding the document or thing.

3. Each document or thing should be segregated and identified by the topic to which it is primarily responsive.

4. Should Plaintiff find the meaning of any term in the following requests to be unclear, then Plaintiff should assume a reasonable meaning, state that assumed meaning, and respond to the request on the basis of that assumed meaning.

5. If Plaintiff is unable to comply fully with any request herein, it should comply to the extent possible and provide a detailed explanation as to why it cannot comply fully.

6. These discovery requests are deemed to be continuing in nature and Plaintiff is requested to amend and/or supplement the responses hereto in accordance with the Federal Rules of Civil Procedure.

## **DOCUMENTS TO BE PRODUCED**

1. All documents reviewed, referred to or relied upon in preparation for this deposition.

2. All documents relating to each of the respective topics listed in Schedule A.

3. All documents relied upon or intended to be used by Plaintiff as evidence to support their position(s) in connection with each respective topic listed in Schedule A.

## CERTIFICATE OF SERVICE

I hereby certify that Amended Notice Of Deposition Of Fidelity Information Services, Inc. Pursuant To Federal Rule Of Civil Procedure 30(B)(6) was caused to be served upon the following in the matter indicated below:

**BY EMAIL AND FEDERAL EXPRESS ON APRIL 27, 2010**

Mark H. Moore, Esq.
Reavis Parent Lehrer LLP
41 Madison Avenue, 41st Floor
New York, NY 10010
Tel.: (212) 763-4100
Fax: (212) 763-4141

*Attorney for Plaintiff*
Fidelity Information Services, Inc.

By: /s/ Paul Tanck_____
    Paul Tanck
    CHADBOURNE & PARKE LLP
    30 Rockefeller Plaza
    New York, NY  10112