**CHADBOURNE & PARKE** LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100 fax (212) 541-5369

**Paul Tanck**
direct tel (212) 408-1116
PTanck@chadbourne.com

July 2, 2010

*VIA HAND*

The Honorable Kevin N. Fox
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Courtroom 20A
New York, New York 10007-1312

   Re: *Fidelity Information Servs., Inc. v. Debtdomain GLMS Pte LTD., et al.*
     *Case No. 09-cv-07589-LAK*

Dear Judge Fox:

  We represent the defendants ("Defendants") in the above-referenced action. We write regarding plaintiff Fidelity Information Services, Inc.'s ("Plaintiff") failure to obey the Court's April 14 and June 25, 2010 Orders and refusal to provide discovery in this lawsuit.

**A.** **Plaintiff's Failure to Obey the Court's June 25, 2010 Discovery Order**

  On June 25, 2010, the Court ordered that "plaintiff must disclose immediately documents that are relevant and responsive to the defendants' discovery demands" with respect to 132 documents that Defendants' alleged were withheld from disclosure by Plaintiff (the "June 25th Discovery Order"). (See Docket No. 82.) Plaintiff, however, still has not produced or logged these documents on a privilege log. Plaintiff's disregard of the Court's June 25th Discovery Order and failure to provide these highly relevant documents has severely prejudiced Defendants' ability to take depositions of Plaintiff's witnesses. Accordingly, pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2), we respectfully request that the Court hold Plaintiff in contempt for not obeying the Court's June 25th Discovery Order and direct Plaintiff to immediately disclose to Defendants all 132 documents, without objection, and provide Defendants an extension of discovery to permit further depositions of Plaintiff's witnesses to be conducted based on these 132 documents.

**B.** **Plaintiff's Wrongful Designation of Produced Documents as Attorney Work Product and Attorney Client Privilege**

  On June 16, 2010, Plaintiff requested that Defendants return or destroy two documents produced by Plaintiff bearing the bates nos. F0092237 and F0105023 on the grounds that they are protected by the Attorney Work Product doctrine. (See Exh. 1.) On

CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox                -2-                              July 2, 2010

June 21, 2010 Plaintiff provided Defendants with a privilege log for these two documents, adding the Attorney Client Privilege as an additional reason for the withholding of these documents. (See Exh. 2.)

On June 30, 2010, pursuant to paragraph 11 of the Protective Order (See Docket No. 47), Defendants complied with Plaintiff's request to destroy the two documents. These two documents appear to be Microsoft Outlook ".pst" files that contain listings of the subject lines of emails from the mailboxes of two of Plaintiff's employees. These documents do not convey the work of an attorney, or work completed at the direction of an attorney. Moreover, they are not communications between an attorney and a client for the purposes of securing legal advice. Accordingly, Defendants respectfully request that the Court review the disputed documents in camera, and order the Plaintiff to re-produce these documents if the Court determines that the documents are not protected by the Attorney Work Product doctrine or otherwise privileged.

**C.   Plaintiff's Failure to Timely Respond to Defendants' Interrogatories and Requests for Admission has Resulted in a Waiver of Objections and Admissions**

On May 28, 2010, Defendants served its Second Set of Interrogatories ("Interrogatories") and First Set of Requests for Admission ("Requests"). (See Exhs. 3, 4.) Plaintiff, however, has failed to serve answers or objections to these discovery requests within 30 days as required by the Rules.

Plaintiff's failure to timely respond Defendants' Interrogatories has resulted in a waiver of all objections, including any objections based on privilege pursuant to Rule 33(b)(4). Accordingly, Defendants respectfully request that pursuant to Rules 33(b)(4) and 37(d) that the Court order Plaintiff to immediately respond to Defendants' duly served Interrogatories without objections.

Moreover, we respectfully request that the Court enter an Order pursuant to Rule 36(a)(3) that "Plaintiff's failure to provide written answers or objections within 30 days after being served with Defendants' First Set of Requests for Admission has resulted in Plaintiff's admission as to Requests No. 1-90."

CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox           -3-                         July 2, 2010

**D.    Plaintiff's Failure to Obey the Court's April 14, 2010 Discovery Order and Refusal Produce Documents Responsive to Defendants' Document Requests**

On February 5, 2010, Defendants served their First Set of Requests for Documents and Things on Plaintiff ("First Document Requests"). (See Exh. 5.) The same day, Defendants also served written document requests on Plaintiff that were attached to Schedule B of the Notice of Deposition of Plaintiff Pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "Schedule B Requests").[1] (See Exh. 6.) Further, on March 25, 2010, Defendants served additional document requests on Plaintiff (the "March 25th Document Requests"). (See Exh. 8.)

On April 14, 2010, your Honor ordered that Plaintiff to produce to the Defendants: "(1) any electronic documents created prior to October 1, 2008, that are responsive to the First Document Request; (2) any documents responsive to document request numbers 4, 11, 12, 44 and 46 in the Defendants' First Document Request; and (3) any documents responsive to the Defendants' document demands in Schedule B of the Notice of Deposition of Fidelity Information Services, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6), issued on February 5, 2010" (the "April 14th Discovery Order"). (See Docket No. 59.) On May 12, 2010, Judge Kaplan overruled Plaintiff's objection to your Honor's April 14th Discovery Order. (See Docket No. 71.) During a June 7, 2010 telephonic hearing with the Court, in response to Plaintiff's oral request for more time to produce documents in connection with the Court's April 14th Discovery Order, the Court granted Plaintiff a limited extension of the June 30, 2010 discovery deadline to produce these documents by July 15, 2010.

Below is a list of specific documents and things that Defendants have requested that Plaintiff produce that are highly relevant and critical to Defendants' defense against the claims asserted in this lawsuit. Despite Defendants' multiple requests for these specific documents over the course of five months, Plaintiff has still not produced these documents and things:

   **i.    Screen shots from all versions of the SyndTrak Software**

The April 14th Discovery Order directed Plaintiff to produce all documents in response to Defendants' Document Request No. 4 which states,

---

[1] An amended Rule 30(b)(6) notice of deposition was served on April 27, 2010 (the "Amended Rule 30(b)(6) Deposition Notice"). (See Exh. 7.)

CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox     -4-     July 2, 2010

"All documents concerning the allegedly infringed SyndTrak software screen display(s) as described in paragraph 16 of the First Amended Complaint." (See Docket No. 59.) The SyndTrak software screen referenced paragraph 16 of the First Amended Complaint is also known as the SyndTrak "home screen."[2]

Moreover, Defendants' Document Request No. 5 requests that Plaintiff "[p]rovide a color picture or screenshot of all SyndTrak software screen display(s) as described in paragraph 16 of the First Amended Complaint." (See Exh. 5.) Further, Defendants' March 25th Document Request No. 4 requests that Plaintiff immediately produce "screen shots of all of the iterations of Plaintiff's SyndTrak 'home screen', as depicted in Defendants' Exhibits 3, 4 and 5, including, without limitation all of the screen shots from version 3.1.222 to the present." (See Exh. 8.) These SyndTrak screen shots contain information that is highly relevant in proving whether the constituent elements of Plaintiff's software screen displays are original.[3] However, despite the relative ease in producing a single screen shot from each of the SyndTrak versions, as of this date, Plaintiff has still not produced these SyndTrak screen shots. In an email to Plaintiff dated June 14, 2010, and during the deposition of Shanin Clark on June 24, 2010, Defendants renewed their request for screen shots of all iterations of the SyndTrak "home screen" that were responsive to Defendants' discovery demands. (See Exhs. 9, 10.) Again, in an email to Plaintiff dated June 24, 2010, Defendants requested screen shots of all iterations of the SyndTrak "home screen" for all versions of SyndTrak, including, but not limited to, the SyndTrak 4.0 home screen and the SyndTrak 4.01 home screen. (See Exh. 11.) Accordingly, Defendants respectfully request that the Court order Plaintiff to immediately provide a color picture or screenshot of the "home screen" for all versions of

---

[2] The SyndTrak "home screen" or "main screen" is the focus of Plaintiff's copyright infringement lawsuit and is the single screen for which Plaintiff's expert witness provided a written report and testimony.

[3] In this case, Plaintiff is required to prove two elements: "(1) ownership of valid copyright [in the work allegedly infringed], and (2) copying of constituent elements of the work that are original." Feist Publications v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991) (emphasis added).

CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox    -5-    July 2, 2010

the SyndTrak software and to provide Defendants an extension of discovery to permit further depositions of Plaintiff to be conducted based on these SyndTrak screen shots.

ii. **Development documents concerning the SyndTrak Software**

The Court's April 14th Discovery Order directed Plaintiff to produce all documents in response to Defendants' Document Request No. 4 which states, "[a]ll documents concerning the allegedly infringed SyndTrak software screen display(s) as described in paragraph 16 of the First Amended Complaint." (See Docket No. 59.)

Moreover, Defendants' Document Request No. 6 requests "[a]ll documents concerning the research, design or development of the SyndTrak Trade Dress or any allegedly infringed SyndTrak software screen display(s)." (See Exh. 5.) In addition, Schedule B of the Amended Rule 30(b)(6) Deposition Notice requests documents related to "the creation, design, documentation / management and development of the allegedly infringed SyndTrak screen display and the SyndTrak software." (See Exh. 7.) Finally, Defendants' March 25th Document Request No. 5 requests that Plaintiff produce "[a]ll documents concerning the design and development of the SyndTrak "home screen" as depicted in Defendants' Exhibits 3, 4 and 5." (See Exh. 8.)

Defendants' discovery demands seek information concerning the development of the allegedly infringed SyndTrak software "home screen" which Plaintiff claims is the basis of this lawsuit. Defendants are entitled to discover all of the information that concerns the behavior, structure, content, design and development of the SyndTrak "home screen" because this information is relevant to proving that the constituent elements of the SyndTrak "home screen" are not original and are therefore not protected by Plaintiff's copyright. The information sought in this request may also lead to the discovery that the developers of the "home screen" did not consider the screen to be original, copyrightable material and that the elements comprising the screen were obtained from other sources (including the public domain) or were not created by Plaintiff.

During the May 28, 2010 deposition of one of Plaintiff's former employees, Bradley Medd, Mr. Medd identified a host of systems that Plaintiff uses to record development notes in connection with the SyndTrak software. These systems include DevTrack, SyndTrak, SDLC (Team Foundation Suite), Visual Studio and Email. (See Exh. 12.) Upon a review

CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox                -6-                July 2, 2010

of the documents produced by Plaintiff thus far, it has become apparent that Plaintiff has failed to produce documents responsive to the above discovery demands from these above systems.

In an email to Plaintiff dated June 1, 2010, Defendants reiterated their request for all documents related to the host of systems used by Plaintiff to record development. (See Exh. 13.) During the June 24, 2010 deposition of a SyndTrak Product Manager, Shanin Clark, it once again became apparent that Plaintiff had not produced responsive development documents from the host of SyndTrak development systems. (See Exh. 14.) Defendants again reiterated their request for any responsive development documents during Ms. Clark's deposition. (See id.) To date, Plaintiff still has not produced these responsive development documents. Accordingly, Defendants respectfully request that the Court order Plaintiff to produce all documents concerning the research, design or development of the SyndTrak "home screen", including without limitation those development documents from Plaintiff's development systems which include but are not limited to the DevTrack, SyndTrak, SDLC system (Team Foundation Suite), Visual Studio and Email and to provide Defendants an extension of discovery to permit further depositions of Plaintiff to be conducted based on these development documents.

  iii.  **The SyndTrak 3.1.221 software**

On April 6, 2010, Defendants requested that Plaintiff exchange a working copy of the SyndTrak software that immediately preceded SyndTrak version 3.1.222. (See Exh. 15.) Defendants explained to the Court that this information is critical to Defendants' third affirmative defense in this lawsuit, which is that Plaintiff's allegedly infringed screen display is not within the scope of the copyright registrations in this action. Id. The Court directed Defendants to advise the Court whether the plaintiff has objected to exchanging a working copy of its software, as it existed immediately preceding SyndTrak version 3.1.222. (See Docket No. 58.) On April 21, 2010, Plaintiff assured the Court that it would provide Defendants with a working copy of SyndTrak Software Version 3.1.221. (See Exh. 16.) To date, Plaintiff has not provided a working copy of this software.

Defendants' Document Request No. 8 requests "[c]ompiled, working version(s) of the SyndTrak software that contain the allegedly infringed SyndTrak software screen display(s)." (See Exh. 5.) In addition, Schedule B to the Amended Rule 30(b)(6) Notice requested that Plaintiff produce all documents and things concerning "[t]he differences between the SyndTrak


CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox      -7-      July 2, 2010

Software Version 3.1.222 and the immediately preceding version." (See Exh. 7.) Moreover, in an email to Plaintiff dated June 14, 2010, Defendants reiterated their request for a working copy of SyndTrak 3.1.221 software. (See Exh. 9).

Despite these multiple requests and Plaintiff's assertions to the Court that it would provide Defendants with a working copy of SyndTrak version 3.1.221, Plaintiff still has not produced a working copy of the software. Accordingly, we respectfully request that the Court order Plaintiff to provide a working copy of SyndTrak Software version 3.1.221 and to provide Defendants an extension of discovery to permit further depositions of Plaintiff to be conducted based on information obtained from the software.

    **iv. Customer meeting notes and customer feedback**

The Court's April 14th Discovery Order directed Plaintiff to produce "any documents responsive to the defendants' document demands in Schedule B of the Notice of Deposition of Fidelity Information Services, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6), issued on February 5, 2010." (See Docket No. 59.) Included in the Schedule B Requests is Defendants' request that Plaintiff produce all documents and things concerning "[a]ll customer (and prospective customer) feedback (including comments, surveys, etc.) regarding the SyndTrak software and Debtdomain software." (See Exh. 6.)

Moreover, in Defendants' March 25th Document Requests, Defendants requested that Plaintiff produce, inter alia:

- All documents from April 15, 2005 to present concerning customer comments referencing Defendants or the Syndication software;

- All documents from April 15, 2005 to present regarding customers decisions to cease using the SyndTrak or SyndTrak Online software;

- All documents from April 15, 2005 to present concerning customer, client or investor complaints regarding SyndTrak Software or SyndTrak Online, including without limitation notes recorded directly into the SyndTrak or SyndTrak Online software;

CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox -8- July 2, 2010

- All documents from April 15, 2005 to present concerning customer requests to FIS regarding the need for SyndTrak on a web based platform;

- All documents from April 15, 2005 to present concerning customer requests to FIS regarding the need for SyndTrak to have joint bookrunning (co-arranging) functionality; and

- All documents concerning complaints about service or quality problems in SyndTrak or SyndTrak Online, from either clients or clients' investors.

(See Exh. 8.)

Based upon a review of the documents produced by Plaintiff thus far and based on the testimony obtained from Plaintiff's current and former employees, it appears that Plaintiff maintains a host of systems to record customer meeting notes and feedback which includes Email, the SyndTrak Software itself, notebooks, excel spreadsheets, word documents, and other electronic documents (both on employees hard drives and on a networked system called Sharepoint). (See, e.g., Exh. 12.) In an email to Plaintiff dated June 21, 2010, and during the deposition of Richard Levy, Defendants reiterated its request for Plaintiff's customer call notes maintained in the SyndTrak system for all customers identified in Plaintiff's calculation of damages in its March 8, 2010 Rule 26 disclosures. (See Exhs. 17, 18). However, to date, Plaintiff still has not produced these responsive documents.

In addition, during the deposition of Ms. Clark on June 24, 2010, Ms. Clark testified that she maintains customer meeting notes in personal notebooks. (See Exh. 19.) Moreover, other employees of Plaintiff, which include Richard Levy and Josh Robinson, also testified that they maintain notebooks that contain information responsive to Defendants' discovery demands. (See Exhs. 20 and 21.) Similarly, on June 30, 2010, Kaushik Punjabi testified that he records customer notes on "pad and paper" and maintains Excel files and Word files on his work computer with regards to his customers, none of which have been collected and produced in this lawsuit. During and following each of these depositions Defendants reiterated their requests for these documents.

Documents responsive to Defendants' discovery demands above are highly relevant and critical to Defendants' defense against the claims

CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox -9- July 2, 2010

asserted in this lawsuit. Further, this information is directly linked to at least the damages issue in this case. Defendants intend to show that any alleged damages suffered by Plaintiff did not result from any alleged copying by Defendants, but rather resulted from Plaintiff's failure to satisfy customer and market demands. Therefore, Defendants are entitled to Plaintiff's documents concerning customer comments and feedback with regards to the SyndTrak software. Accordingly, Defendants respectfully request that the Court order Plaintiff to produce all documents related to the discovery demands listed above which includes the bulleted points and all documents concerning Plaintiff's customer meeting notes and customer comments, requests, and feedback in connection with the SyndTrak suite of products[4], which includes but is not limited to those that are maintained on Plaintiff's Email system, SyndTrak system, Sharepoint system, employee notebooks, paper documents, Microsoft Excel and Word documents, and other electronic documents, including those maintained on Plaintiff's employee's computer hard drives (both work and personal) and to provide Defendants an extension of discovery to permit further depositions of Plaintiff to be conducted based on these documents.

v. **Ariel Elkayam's calendar**

During a March 18, 2010 30(b)(6) deposition of Plaintiff, it became apparent that Plaintiff's employee, Ariel Elkayam, maintained a calendar which that was relevant and responsive to Defendants' discovery demands. As such, Defendants requested during that deposition that Mr. Elkayam's calendar be produced. (See Exh. 22.) Defendants' reiterated their request for Mr. Elkayam's calendar in their March 25th Document Request No. 3, which requested "Ariel Elkayam's calendar from January 1, 2007 to the present." (See Exh. 8.) Defendants again reiterated that request in an email to Plaintiff dated June 14, 2010. (See Exh. 9.) To date, Plaintiff still has not produced Mr. Elkayam's calendar. Accordingly, Defendants respectfully request that the Court order Plaintiff to produce Mr. Elkayam's calendar from 2007 to present and to provide Defendants an extension of discovery to permit further depositions of Plaintiff to be conducted based on information contained in Mr. Elkayam's calendar..

---

[4] The SyndTrak Suite of products includes all versions of SyndTrak and SyndTrak Online.



CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox            -10-                    July 2, 2010

vi. **SyndTrak license agreements, sale agreements and sale contracts**

The Court's April 14th Discovery Order directed Plaintiff to produce all documents in response to Defendants' Document Request Nos. 12 and 44 which request, "[a]ll documents concerning sales, offers for sale, licensing, projected sales or other commercialization of the SyndTrak software" and "All documents that show pricing of the SyndTrak software." (See Docket No. 59.)

In emails dated June 1, 2010 and June 14, 2010, (see Exhs. 13, 9) and during the deposition of Brad Medd and Richard Levy (see Exh. 23, 24), Defendants reiterated their requests for all license agreements, sale agreements and sale contracts between Plaintiff and its customers in connection with SyndTrak suite of products. However, to date, Plaintiff still has not produced any of these responsive documents. This information is critical to attack Plaintiff's damages claim. Moreover, this information is necessary to show whether the alleged damage Plaintiff has suffered was for reasons other than the alleged copyright infringement. Accordingly, Defendants respectfully request that the Court direct Plaintiff to produce all license and sale agreement and sales contracts between Plaintiff and its customers in connection with the SyndTrak suite of products and to provide Defendants an extension of discovery to permit further depositions of Plaintiff to be conducted based on these agreements and contracts.

vii. **Plaintiff's Expert's research assistant notes**

On April 27, 2010 Defendants served a subpoena duces tecum on Plaintiff's expert, Charles Mauro. (See Exh. 25.) The subpoena requested that Mr. Mauro produce his entire file regarding this action, including all documents prepared by anyone working under Mr. Mauro's direction in connection with his opinion, conclusions, or reports. (Id. at Request Nos. 1 and 4.) After reviewing the documents produced by Plaintiff on behalf of Mr. Mauro pursuant to the April 27, 2010 subpoena, it was apparent that Plaintiff failed to produce the notes from Mr. Mauro's research assistants that were recorded during meetings and telephone conversations Mr. Mauro had in connection with his generating his expert report. In an email to Plaintiff dated June 15, 2010, Defendants identified Plaintiff's failure to produce Mr. Mauro's research assistant's notes and reiterated their request for all notes taken by Mr. Mauro's research assistant in connection with Mr. Mauro's expert report. (See Exh. 26). However, to date, Plaintiff still has not produced these documents. Accordingly, Defendants respectfully request that the Court order Plaintiff to produce Mr. Mauro's research assistant's


notes in connection with this lawsuit and to provide Defendants an extension of discovery to permit further depositions of Plaintiff to be conducted based on these documents.

### viii. Production of Plaintiff's documents from relevant custodians

Based on Plaintiff's witnesses testimony during depositions and upon a review of Plaintiff's document production, it is apparent that Plaintiff has failed to collect and produce all relevant documents from the following custodians who are intimately involved in the design, development, or sale of the SyndTrak suite of products: Richard Levy, Josh Robinson, Ariel Elkayam, Bill Butryn, Eric Cetron, Shanin Clark, Pedro Pererio, Kaushik Punjabi, Brad Medd, Scott Kostyra, Vijaya Kommireddy, Howard Appel, Ed Acosta, Frank Marshall, Colleen Campbell, Robert Downs, Alan Kurkciyan, William Phelan, Matthew Reitano, Ken Straus, Jacqueline Morcombe, Sarah Thurston, Gregg Cerniglia, Jody Chen, Brian King, Divyang Shah, Richard Gelletich, Marion Gavin, Dale Johnson, Mike Cuadro, Anthony Jabbour, Ling Huang, Art Kaseman, Roy Nicosia, Subir Vakil and John Olesky. Despite Defendants' good faith attempt to work with Plaintiff to ascertain whether Plaintiff intends to produce all relevant documents from the individuals listed above (see Exh. 9), Plaintiff refuses to confirm that it in fact has collected and produced responsive documents from these individuals. Accordingly, Defendants respectfully request that the Court order Plaintiff to produce all documents that are relevant and responsive to the Defendants' discovery demands, including but not limited to the above custodians and to provide Defendants an extension of discovery to permit further depositions of Plaintiff to be conducted based on these documents.

### ix. Production of all relevant documents from personal email accounts

In addition, many of Plaintiff's witnesses, including Shanin Clark, Kaushik Punjabi and Richard Levy have either used or state that they use email addresses other than their work email address to conduct business related to subject matters of Defendants' discovery demands. Defendants have requested confirmation that Plaintiff has collected, or intends to collect and produce, all emails from these non-work email accounts used by Plaintiff's employees that are responsive to Defendants' discovery demands including, but not limited to, Richard Levy's "ral1954@yahoo.com" account, Shanin Clark's Gmail account, and Kaushik Punjabi's Hotmail account. (See Exh. 9.) Accordingly, we respectfully request that the Court direct Plaintiff to disclose documents that are relevant and responsive to the Defendants' discovery demands that are contained with Plaintiff's employees' non-work

CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox     -12-     July 2, 2010

email accounts and to provide Defendants an extension of discovery to permit further depositions of Plaintiff to be conducted based on these documents.

### E. Plaintiff's Failure to Attend Depositions

Plaintiff was served with notices of depositions for Ariel Elkayam ("Elkayam") and Fidelity Information Services, Inc. pursuant to 30(b)(6) ("30(b)(6) Witness") on February 5, 2010. (See Exhs. 27 and 6). On April 27, 2010, Defendants issued amended notices of deposition for Elkayam and Plaintiff's 30(b)(6) Witness. (See Exh. 28.) On June 3, 2010, Defendants issued another set of amended notices of deposition for Elkayam and Plaintiff's 30(b)(6) Witness. Elkayam and Plaintiff's 30(b)(6) Witness failed to attend their depositions. On, June 25, 2010 Defendants wrote Plaintiff's counsel stating:

> Having not heard from you regarding Mr. Elkayam's and Plaintiff's 30(b)(6) representative's failures to attend their scheduled depositions on June 22, 2010 we are assuming that Plaintiff is resting on its default. (See attached 6/22/2010 transcript.) If this is not the case, please identify Plaintiff's 30(b)(6) representative and provide dates for their availability for deposition as well as dates for Mr. Elkayam's availability for deposition by 1pm on Monday, June 28, 2010 (Eastern time).

(See Exh. 29.) Plaintiff never responded to Defendants' letter.

Due to Plaintiff's refusal to provide Elkayam or its 30(b)(6) Witness for deposition, despite receiving multiple deposition notices over the course of five months, Defendants respectfully request that the Court order Plaintiff to produce Elkayam and a 30(b)(6) Witness for deposition on July 20 and 21 respectively. Moreover, Defendants respectfully request that pursuant to Rule 37(d), that the Court direct Plaintiff to pay reasonable attorney's fees and all reasonable costs (transcription and videography) in connection with the above depositions. Further, to the extent that Defendants would exceed the limit of depositions allowed pursuant to Rule 30(a)(2)(A)(i) as a result of taking these depositions, Defendants respectfully request that they be permitted to go forward with the afore-mentioned depositions.

Respectfully submitted,

Paul Tanck
*Counsel for Defendants*

CHADBOURNE
& PARKE LLP

The Honorable Kevin N. Fox        -13-        July 2, 2010

cc:      *Via Hand and Email*
        Mark H. Moore, Esq.
        Reavis Parent Lehrer LLP
        41 Madison Avenue, 41st Floor
        New York, NY 10010
        Tel.: (212) 763-4100
        Fax: (212) 763-4141

        *Counsel for Plaintiff*
        Fidelity Information Services, Inc.