```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF NEW YORK

In re:                                :

FIDELITY INFORMATION SERVICES,        :   Docket #09cv7589
                                          1:09-cv-07589
          Plaintiffs,                 :

     - against -                      :

DEBTDOMAIN GLMS PTE, LTD.,            :
et al.,                                   New York, New York
                                      :   July 28, 2010
          Defendants.
--------------------------------------:


                      PROCEEDINGS BEFORE
                 MAGISTRATE JUDGE KEVIN N. FOX,
          UNITED STATES DISTRICT COURT MAGISTRATE JUDGE



APPEARANCES:

For Plaintiffs:         REAVIS PARENT LEHRER LLP
                        BY:  MARK MOORE, ESQ.
                             JOHN DAWSON, ESQ.
                             JONATHAN SOBEL, ESQ.
                             ATUL SINGH, ESQ.
                        41 Madison Avenue, 41st Floor
                        New York, New York 10010
                        (212) 763-4093

For the Defendants:     CHADBOURNE & PARKE, LLP
                        BY:  SCOTT B. BALBER, ESQ.
                             PAUL TANCK, ESQ.
                        30 Rockefeller Plaza
                        New York, New York 10112
                        (212) 408-5466

Transcription Service:  Carole Ludwig, *Transcription Services*
                        141 East Third Street #3E
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Fax:    (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service
```

```
 1                                                          25
 2   emails from other unidentified employees, the request is
 3   denied.
 4              Let me turn now to there was a request for an
 5   order to produce Ariel Elchaim and a 30(b)(6) witness for
 6   depositions late July, and to award defendants costs and
 7   fees in connection with depositions, do the depositions
 8   exceed ten?
 9              MR. BALBER:  They do not, Your Honor.
10              MR. MOORE:  Your Honor, if you just include Ariel
11   Elchaim, they do not.  I will say that we did offer Ariel
12   Elchaim during the discovery period as a 30(b)(6) witness,
13   we had come to what we thought was an agreed upon schedule,
14   including a date for Mr. Elchaim; defendants repudiated that
15   agreement, that agreed upon schedule and insisted upon
16   changing some dates.  We said that June 22$^{nd}$ was not
17   available for Mr. Elchaim, but that the June 24 was and that
18   we were willing to switch the deposition for David Levy
19   which was then scheduled for June -- July 22.
20              Defendants did not say that Mr. Levy was
21   unavailable that day, but they apparently just wanted the
22   order of the depositions that they wanted.  And so they
23   refused to accept Mr. Elchaim's (inaudible) he was
24   available, and we don't think that that gamesmanship should
25   be rewarded.
```

```
 1                                                           26
 2              MR. BALBER:  Your Honor, two issues, let's just be
 3   clear of the number, we have taken eight depositions, not
 4   nine, not ten, I believe we're entitled to two more.  Those,
 5   we respectfully are requesting Mr. Elchaim and a 30(b)(6)
 6   witness.  As to scheduling, we had this conversation weeks
 7   ago, Your Honor, where Fidelity unilaterally identified the
 8   date and then (indiscernible) couldn't do it on that date,
 9   they claim we're in breach of an agreement.
10              So they're (indiscernible) two depositions, Your
11   Honor, I don't know if it's worth rehashing the scheduling
12   issues, it's giving me a headache.  So, you know, we can
13   agree to disagree as to whether we had picked dates or not
14   picked dates for those two depositions, but we would like
15   them to be scheduled in the next couple of weeks.
16              THE COURT:  Do you want me to pick dates, is that
17   what you're asking?
18              MR. BALBER:  No, Your Honor, I'd like Your Honor
19   to -- I mean I've never, quite frankly, been involved in a
20   litigation where there is so much absurd time spent by the
21   parties arguing and debating over things that sophisticated
22   counsel in sophisticated cases should be able to agree upon.
23              THE COURT:  I agree with you, wholeheartedly,
24   which is why I indicated that the volume of material that
25   has come to me is excessive and unnecessary.
```

```
 1                                                          27
 2              MR. BALBER:  And I would add preposterous, Your
 3  Honor. On this note, we would like the depositions ordered,
 4  and I would hope, hope, hope, that Mr. Moore and I can agree
 5  on dates for those two depositions without getting the Court
 6  involved.
 7              THE COURT:  All right, so there will be an
 8  examination of Mr. Elchaim and a 30(b)(6) witness.
 9              MR. BALBER:  Thank you, Your Honor.
10              THE COURT:  Fidelity sent a letter dated July 23,
11  2010, regarding the Tamarind (phonetic) subpoena. The
12  defendants must comply with the subpoena.
13              MR. BALBER:  Your Honor, we have, again, I just
14  want to make sure we're on the same page, we've been served
15  objections.  Rather than have a meet and confer conversation
16  about what the objections are, we got the letter to Your
17  Honor, if you ordered that we produce all documents without
18  regard to objections or that we discuss what the appropriate
19  scope should be or something else.
20              MR. MOORE:  Your Honor, this is Mr. Moore, the
21  defendants made their motion to quash, they did not raise
22  the issue of documents which were sought for the deposition,
23  they did not seek to meet and confer before moving to quash.
24  They (inaudible) to producing even a single scrap of paper
25  in response to the subpoena, that is not a good faith
```

```
 1                                                            28
 2   response and they should be ordered to produce all the
 3   documents responsive to our request.
 4            MR. BALBER:  Your Honor, we received it, we issued
 5   the subpoena for a deposition, we received a subpoena for
 6   documents.  As to deposition, we moved to quash.  Our motion
 7   was denied. We offered to produce Mr. Levy in response to
 8   that subpoena.
 9            With regard to the subpoena for documents, we
10   served timely objections and responses.  All I'm asking is
11   to have a conversation with Mr. Moore of that scope. I'm not
12   sure why it's inappropriate for a third party to serve
13   objections and responses timely to a document subpoena.
14            THE COURT:  Well I'm not going to bar you from
15   having a conversation with your adversary. I've tried
16   throughout all of these conferences to encourage the parties
17   to have conversations and resolve disputes so that you would
18   not have to come to me.  Now, as I understand it, the time
19   for complying is the 30$^{th}$ of July for the deposition, isn't
20   that correct?
21            MR. MOORE:  Your Honor, we were offered that date,
22   but that was without any documents. So I think that we would
23   want to get the documents before we depose the witness.
24            MR. SOBEL:  Your Honor, this is Jonathan Sobel, I
25   apologize for having two voices for Fidelity. The concern
```