UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIDELITY INFORMATION SERVICES, INC., <br><br> Plaintiff, <br> v. <br><br> DEBTDOMAIN GLMS PTE LTD., ET AL., <br><br> Defendants. | Case No. 09-cv-07589-LAK <br><br> ECF Case |

**AMENDED NOTICE OF DEPOSITION OF FIDELITY INFORMATION SERVICES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, on **September 13, 2010**, defendants Debtdomain (USA), Inc., David Levy, and Seth Rothman ("Defendants"), by and through their attorneys, shall take the deposition of plaintiff Fidelity Information Services, Inc. ("Plaintiff") by oral examination. Plaintiff is directed, pursuant to Federal Rule of Civil Procedure 30(b)(6), to designate one or more officers, directors, managing agents, or other persons who consent and are most knowledgeable to testify on their behalf with respect to the matters set forth in Schedule A attached hereto. Plaintiff is further directed to produce the documents, records or other materials set forth in Schedule B attached hereto at or before the deposition. All subject matter set forth in Schedules A and B are subject to the Terms and Instructions contained in Schedule A.

The deposition shall commence at 9:30 a.m. at the offices of Chadbourne & Parke LLP at 30 Rockefeller Plaza, New York, NY. If not completed on the scheduled dates the depositions shall continue thereafter day to day until completed, with such adjournments as to time and place as may be necessary.

The deposition will be taken under oath and conducted before a certified

shorthand reporter authorized to administer oaths. The deposition may be videotaped and recorded by stenographic means.

A list of all parties or attorneys on whom this Notice of Deposition is being served is shown on the accompanying proof of service.

| | |
|---|---|
| Dated: August 18, 2010<br>New York, New York | CHADBOURNE & PARKE LLP<br><br>By /s/ Scott Balber<br>   Scott S. Balber<br>   SBalber@chadbourne.com<br>   Paul J. Tanck<br>   PTanck@chadbourne.com<br><br>30 Rockefeller Plaza<br>New York, New York  10112<br>Tel.: (212) 408-5100<br>Fax: (212) 541-5369<br><br>*Attorneys for Defendants* |

## SCHEDULE A

### DEFINITION OF TERMS AND INSTRUCTIONS

Defendants hereby incorporate by reference the definitions set forth in Local Civil Rule 26.3 of this Court. In addition, as used in the requests for production stated herein, the following terms shall have the scope and meaning indicated:

"Plaintiff" refers to Fidelity Information Services, Inc., its predecessors and affiliated entities, including all divisions and subsidiaries, and its employees, attorneys, and representatives.

"Debtdomain" refers to Debtdomain (USA), Inc and Debtdomain GLMS Pte Ltd.

"SyndTrak" refers to all versions of Plaintiff's SyndTrak loan syndication software program, including the versions identified in the copyright registrations appended to Plaintiff's First Amended Complaint.

### TOPICS FOR EXAMINATION

1. David Levy contacted customers on behalf of Debtdomain prior to November 30, 2007.

2. The allegation that "prior to November 30, 2007, Levy's name appeared as "co-CEO" on Debtdomain's website" as alleged in paragraph 26 of the proposed Second Amended Complaint.

3. The creation, design, documentation/management and development of the allegedly infringed SyndTrak screen display and the SyndTrak software.

4. The factual investigation undertaken by Plaintiff prior to filing each iteration of the complaint in this action

5. Communications by Plaintiff with actual or prospective customers relating to this action, including any information relating to any customer confusion regarding the SyndTrak or Debtdomain software.

6. Marketing and sales (both actual and projected) of SyndTrak software.

7. Any damages or other harm sustained by Plaintiff or projected to be sustained by Plaintiff caused by the actions of Rothman, Levy or Debtdomain.

8. The preparation and filing of the copyright applications in connection with the copyrights asserted in this action.

9. All customer (and prospective customer) feedback (including comments, surveys, etc.) regarding the SyndTrak software and Debtdomain software.

10. Plaintiff's product road map and the development of a web-based loan syndication software program.

11. The lawsuit and claims filed by FIS in <u>Fidelity National information Services, Inc</u>. v. <u>Rothman</u>, No. 07-CV-07756 (S.D.N.Y.) (JGK), as referenced in paragraph 20 of the First Amended Complaint.

12. Defendants' policies and or procedures concerning the maintenance of confidential or proprietary information.

13. The differences between the SyndTrak Software Version 3.1.222 and the immediately preceding version.

## SCHEDULE B

### GENERAL INSTRUCTIONS

1. Plaintiff shall produce all responsive documents and things.

2. Should Plaintiff withhold any documents or things responsive to the following requests, Plaintiff is requested to identify (as defined above) each document or thing withheld and furnish the following additional information:

   a. the topic to which the document or thing is responsive;

   b. identify each person to whom the document or thing was disclosed;

   c. identify the person(s) who maintain(s) or maintained custody of the document or thing; and

   d. state the basis for withholding the document or thing.

3. Each document or thing should be segregated and identified by the topic to which it is primarily responsive.

4. Should Plaintiff find the meaning of any term in the following requests to be unclear, then Plaintiff should assume a reasonable meaning, state that assumed meaning, and respond to the request on the basis of that assumed meaning.

5. If Plaintiff is unable to comply fully with any request herein, it should comply to the extent possible and provide a detailed explanation as to why it cannot comply fully.

6. These discovery requests are deemed to be continuing in nature and Plaintiff is requested to amend and/or supplement the responses hereto in accordance with the Federal Rules of Civil Procedure.

## **DOCUMENTS TO BE PRODUCED**

1. All documents reviewed, referred to or relied upon in preparation for this deposition.

2. All documents relating to each of the respective topics listed in Schedule A.

3. All documents relied upon or intended to be used by Plaintiff as evidence to support their position(s) in connection with each respective topic listed in Schedule A.