UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIDELITY INFORMATION SERVICES, INC.,

                            Plaintiff,

                         -against-                    09 Civ No. 07589-LAK

DEBTDOMAIN GLMS PTE LTD., DEBTDOMAIN      ECF Case
(USA) INC., DAVID LEVY, and SETH ROTHMAN,

                            Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO IMPOSE SANCTIONS UPON PLAINTIFF FOR FAILURE TO ATTEND ITS OWN RULE 30(b)(6) DEPOSITION

      Defendants Debtdomain GLMS Pte Ltd. ("Debtdomain GLMS"), Debtdomain (USA) Inc. ("Debtdomain USA"), David Levy ("Levy") and Seth Rothman ("Rothman") respectfully submit this memorandum of law in support of their motion for an order, pursuant to Fed. R. Civ. P. 37(b) and (d) and the inherent powers and authority of the Court, imposing sanctions upon plaintiff Fidelity Information Services, Inc. ("Plaintiff") for violating a discovery order of this Court and failing to attend its own noticed Rule 30(b)(6) deposition.

## STATEMENT OF FACTS

      On February 5, 2010, Plaintiff was served by Defendants with a notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6). (See Exh. A.) On April 27, 2010, Defendants issued an amended 30(b)(6) deposition of the Plaintiff, and on June 3, 2010, Defendants issued a further amended 30(b)(6) deposition notice of the Plaintiff. (See Exhs. B and C.) Plaintiff failed to produce a 30(b)(6) deposition representative on any of the dates set forth in these deposition notices.

      Accordingly, on June 25, 2010, Defendants wrote Plaintiff's counsel, stating:

> "Having not heard from you regarding Mr. Elkayam's and Plaintiff's 30(b)(6) representative's failures to attend their scheduled depositions on June 22, 2010 we are assuming that Plaintiff is resting on its default (See attached 6/22/2010 transcript.) If this is not the case, please identify Plaintiff's 30(b)(6) representative and provide dates for their availability for deposition . . . by 1pm on Monday, June 28, 2010 (Eastern time)."

(Exh. D.) Plaintiff never responded to Defendants' email.

Defendants raised these facts with the Hon. Kevin Nathaniel Fox, U.S.M.J. ("Judge Fox") by letter dated July 2, 2010. (See Exh. E at p. 12.) The issue was subsequently addressed during a July 28, 2010 telephonic conference with Judge Fox. Specifically, Defendants' counsel stated during the conference:

> "[W]e have taken eight depositions, not nine, not ten, I believe we're entitled to two more. Those, [sic] we respectfully are requesting [are] Mr. Elchaim [sic, should be Elkayam] and a 30(b)(6) witness."

(Exh. F at 26:2-6.) In response, Judge Fox orally ordered "All right, so there will be an examination of Mr. Elchaim [sic] and [Plaintiff's] 30(b)(6) witness." (the "Discovery Order"). (Id. at 27:7-8.)

Pursuant to the Discovery Order, Defendants on August 18, 2010 served Plaintiff with an amended 30(b)(6) deposition notice that required Plaintiff to provide a 30(b)(6) representative to be examined 26 days later, on Monday, September 13, 2010 (the "30(b)(6) Notice.") (See Exh. G.) The topics listed in that notice included:

> "1. David Levy contacted customers on behalf of Debtdomain prior to November 30, 2007.
>
> 2. The allegation that "prior to November 30, 2007, Levy's name appeared as "co-CEO" on Debtdomain's website" as alleged in paragraph 26 of the proposed Second Amended Complaint.
>
> 3. The creation, design, documentation/management and development of the allegedly infringed SyndTrak screen display and the SyndTrak software.
>
> 4. The factual investigation undertaken by Plaintiff prior to filing each iteration of the complaint in this action
>
> 5. Communications by Plaintiff with actual or prospective customers relating to this action, including any information relating to any customer confusion regarding the SyndTrak or Debtdomain software.

    6. Marketing and sales (both actual and projected) of SyndTrak software.

    7. Any damages or other harm sustained by Plaintiff or projected to be sustained by Plaintiff caused by the actions of Rothman, Levy or Debtdomain.

    8. The preparation and filing of the copyright applications in connection with the copyrights asserted in this action.

    9. All customer (and prospective customer) feedback (including comments, surveys, etc.) regarding the SyndTrak software and Debtdomain software.

    10. Plaintiff's product road map and the development of a web-based loan syndication software program.

    11. The lawsuit and claims filed by FIS in <u>Fidelity National information Services, Inc</u>. v. <u>Rothman</u>, No. 07-CV-07756 (S.D.N.Y.) (JGK), as referenced in paragraph 20 of the First Amended Complaint.

    12. Defendants' policies and or procedures concerning the maintenance of confidential or proprietary information.

    13. The differences between the SyndTrak Software Version 3.1.222 and the immediately preceding version."

(Id.) Defendants served Plaintiff that same day with an amended notice of deposition of Ariel Elkayam ("Elkayam") individually to be held on September 15, 2010. (<u>See</u> Exh. H.) Plaintiff did not respond to either notice.

    Having heard nothing from Plaintiff's counsel, Defendants on September 8, 2010 emailed Plaintiff's counsel to confirm that Plaintiff would be producing its 30(b)(6) representative at the September 13, 2010 deposition. Plaintiff's counsel did not respond until well after the close of business on September 9, 2010, leaving one business day remaining before the noticed date of the 30(b)(6) deposition. Plaintiff's counsel objected to providing a 30(b)(6) representative on the noticed date on the grounds that it intended to use Elkayam as its Rule 30(b)(6) representative, and, because Elkayam was separately scheduled to be deposed in his individual capacity on September 15, 2010, Defendants should not be entitled to two depositions of Elkayam. (<u>See</u>

Exh. I.) Plaintiff's counsel, however, did not state that Elkayam was not available on September 13, 2010, and in fact stated that Elkayam would be "returning to work" that day. (Id.)[1] On September 13, 2010, Defendants recorded Plaintiff's non-appearance for its 30(b)(6) deposition. (See Exh. J.)

On September 15, 2010, in accordance with the notice of deposition Defendants had served for Elkayam in his individual capacity, Elkayam appeared for his individual deposition. Defendants' counsel examined Elkayam solely in that capacity, did not purport to ask Elkayam to speak on behalf of Plaintiff as to matters of Plaintiff's overall institutional knowledge, and stated unequivocally on the record that the only deposition that was noticed for this date was Elkayam's individual deposition. (See Exh. K at 63:10-13.) Nevertheless, Plaintiff's counsel took the position throughout the deposition that Elkayam was being produced for a single-day combined individual/30(b)(6) deposition and that Defendants were entitled to nothing more. (Id. at 63:14-17.) Indeed, at the end of the day, when Defendants had completed their examination of Elkayam in his individual capacity, and the videographer reported that there was a mere 61 minutes left in the permitted 7 hours for questioning, Plaintiff's counsel stated "[W]e have also made [Elkayam] available today for questioning on the Rule 30(b)(6) issues. We have plenty of time to do that." (Id. at 240:16-18.)

Accordingly, because of Plaintiff's refusal to produce a 30(b)(6) deposition representative in addition to the deposition of Elkayam, as specifically ordered by Judge Fox on July 28, 2010, Defendants are now forced to bring this motion for appropriate sanctions to protect their rights in this matter.

---

[1] According to Plaintiff's Rule 26 disclosures served on March 8, 2010, Elkayam works in Plaintiff's New York office located at 140 East 45th Street, New York, NY 10017.

4

## ARGUMENT

### I

### PLAINTIFF'S CONDUCT WITH RESPECT TO THE TWO NOTICED DEPOSITIONS VIOLATED THE COURT'S DISCOVERY ORDER

**A. Plaintiff Disobeyed the Court's July 28, 2010 Discovery Order Requiring an Examination of Its 30(b)(6) Representative**

In the Discovery Order, Judge Fox could not have been clearer in directing Plaintiff to provide a representative to attend a Rule 30(b)(6) examination <u>in addition</u> to directing Plaintiff to provide Elkayam for a deposition in his individual capacity. Accordingly, Plaintiff was required to designate a 30(b)(6) representative to testify about the matters listed in the 30(b)(6) Notice. Plaintiff's objection, that because of Plaintiff's own unilateral decision to designate Elkayam as its 30(b)(6) representative Defendants must therefore combine both the individual and 30(b)(6) depositions into a single-day deposition on the date noticed for Elkayam's individual examination, has no basis in the Federal Rules of Civil Procedure, the Local Rules of this Court, or by any caselaw known to Defendants. Accordingly, Plaintiff has violated the Discovery Order and failed to perform its obligations under Rule 30(b)(6).

**B. Defendants Were Entitled to Take Separate Seven-Hour Depositions of Elkayam in His Individual Capacity and Plaintiff's Rule 30(b)(6) Representative**

Under Rule 30(d), a party is entitled to "one day of 7 hours" for each deposition. Defendants here noticed two separate depositions, one of the Plaintiff entity under Rule 30(b)(6), and one of Elkayam, an individual witness in his individual capacity. Defendants were entitled to seven hours of questioning on each. Fed. R. Civ. P. 30(d).

Plaintiff cannot force Defendants to have to compress these two 7-hour depositions into a single 7-hour day of combined questioning by the convenient gambit of designating Elkayam as the entity's 30(b)(6) representative.

5

> "As a separate deposition that probes the knowledge of the entity and not the personal knowledge of the individual testifying, a 30(b)(6) deposition should be subject to its own independent seven-hour limit ."

Sabre v. First Dominion Capital, LLC, No. 01CIV2145, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001).[2]  Otherwise:

> "[if] a person who is both an individual witness and a 30(b)(6) witness were presumptively subject to a single seven-hour deposition there would be substantial potential for over-reaching."

Id. Allowing this tactic:

> "would also permit an entity to curtail 30(b)(6) examinations by designating as a 30(b)(6) witness a person who previously testified for six-hours as an individual and has only one hour left on his or her presumptive seven-hour clock."

Id.

The scenario condemned by the Court in Sabre is the very stunt attempted by Plaintiff's counsel when he suggested during the September 15, 2010 deposition that Defendants use the mere 61 minutes remaining in the day to conduct their 30(b)(6) examination of the Plaintiff entity through Elkayam.  (See Exh. K at 240:16-18.)  What took place on September 15 thus demonstrates all too clearly why Defendants are entitled to two separate seven-hour depositions, rather than having to conduct a single combined deposition of two deponents (the Plaintiff entity and Elkayam individually) crammed into a single day.

---

[2]  Cf. also the 2000 Advisory Committee Notes to Fed. R. Civ. P. 30, stating that "for purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."

## II

## SEVERE SANCTIONS ARE WARRANTED

**A.     At a Minimum, Plaintiff Should be Precluded From Offering
Testimony In This Lawsuit On Any of the Noticed Deposition Topics**

This Court has broad discretion to impose sanctions under Rule 37(b) in the event that a party fails to obey a discovery order.  See Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002); Fed. R. Civ. P. 37(b).  Pursuant to Rule 37(b)(2)(A), in such situations this Court is authorized to enter an order precluding a Plaintiff from offering testimony on matters which should have been provided pursuant to Defendants' 30(b)(6) Notice:

> "If a party . . . or a witness designated under Rule 30(b)(6) . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.  They may include the following: . . . (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."

Rule 37(d) authorizes identical relief where "a person designated under Rule 30(b)(6) or 31(a)(4) -- fails, after being served with proper notice, to appear for that person's deposition."

This Court thus has the discretion under the Rules to preclude Plaintiff from offering testimony of any corporate representatives on the topics set forth in the 30(b)(6) Notice.  See Reilly v. Natwest Mkts. Group, Inc., 181 F.3d 253, 268-269 (2d Cir. 1999).  In Reilly, the trial court precluded the testimony at trial of corporate representatives who were not produced for deposition in response to a Rule 30(b)(6) notice.  Id.  The Second Circuit upheld the trial court's ruling holding:

> "Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject.  See Fed. R. Civ. P. 30(b)(6); James Wm. Moore et al., Moore's Federal Practice, ¶ 30.25[3] (3d ed. 1998).  To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf.  Sec. & Exch. Comm'n v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y. 1992) (quotations omitted); see Moore's Federal Practice, at ¶ 30.25.  When a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various sanctions, including the preclusion of evidence.  See Fed. R. Civ. P. 37(b)(2)(B); see, e.g., Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc., 67 F.3d 766, 770-71 (9th Cir.1995)."

Id. at 268. Here, as in Reilly, Defendants served Plaintiff with a 30(b)(6) notice on identified topics, and Plaintiff defied an express court order by refusing to produced a representative for such a deposition unless it was jammed into a separate individual deposition for which Defendants were separately entitled to a full seven hours of questioning, which under the Rules is an improper demand. Sabre, 2001 WL 1590544, at *1. Accordingly, Plaintiff failed to provide a 30(b)(6) representative witness as required under both the Federal Rules and a specific court order.

Moreover, because of Plaintiff's previous and repeated failures to produce a representative for 30(b)(6) depositions noticed by Defendants, and its failure now to do so despite an explicit Discovery Order, Plaintiff's refusal to appear for its 30(b)(6) deposition should be deemed willful, intentional, contumacious and in bad faith. Accordingly, Plaintiff's conduct merits strong sanctions.

In addition, strong sanctions of a substantive nature are needed in order to redress the significant prejudice that Plaintiff's conduct has caused Defendants in defending this action. Without 30(b)(6) testimony from Plaintiff on the designated topics, Defendants are severely handicapped in defending against the claims brought by Plaintiff, and in particular with assembling their motion for summary judgment that is due on October 1, 2010.

Thus, at a minimum, pursuant to Rule 37(b)(2)(A)(ii), the appropriate sanction for Plaintiff's failure to produce its 30(b)(6) witness is to prohibit Plaintiff from supporting or opposing its claims or defenses through the use of any testimony related to topics listed in the 30(b)(6) Notice.

**B.     Plaintiff's Conduct Warrants A Strong Adverse Inference**

Where, as here, the nature of the alleged breach of a discovery obligation is the non-production of evidence, a district court has broad discretion in fashioning an appropriate sanction, including the discretion to give an adverse inference instruction." See Residential, 306

F.3d at 107. Plaintiff's repeated failures to produce a representative for 30(b)(6) depositions and its failure to do so despite an explicit Discovery Order was done knowingly and with a culpable state of mind. Accordingly, in addition to preventing Plaintiff from using testimony related to topics listed in the 30(b)(6) Notice, the jury should be instructed that had testimony been provided by Plaintiff on those topics it would have been favorable to Defendants.

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court enter an Order sanctioning the Plaintiff for its repeated failures to appear for its 30(b)(6) deposition and for disobeying the Court's July 28, 2010 Discovery Order, by (1) prohibiting Plaintiff from supporting or opposing its claims or defenses through the use of testimony of any corporate officer, director, managing agent, employee or other representative that is related to any of the topics listed in Defendants' 30(b)(6) Notice, (2) instructing the jury that had Plaintiff provided testimony on the topics listed in the 30(b)(6) Notice it would have been favorable to Defendants, and (3) awarding Defendants monetary sanctions to compensate for the reasonable costs and attorneys' fees they incurred in bringing this motion for sanctions.

Dated: New York, New York
September 17, 2010

**CHADBOURNE & PARKE LLP**

By: *s/ Scott Balber*_____
Scott S. Balber
SBalber@chadbourne.com
Paul J. Tanck
PTanck@chadbourne.com
30 Rockefeller Plaza
New York, New York  10112
Tel.: (212) 408-5100
Fax: (212) 541-5369

*Attorneys for Defendants*