UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIDELITY INFORMATION SERVICES, INC.,

                  Plaintiff,

-against-

DEBTDOMAIN GLMS PTE LTD., DEBTDOMAIN (USA) INC., DAVID LEVY, and SETH ROTHMAN,

                  Defendants.

09 Civ No. 07589-LAK

ECF Case

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO IMPOSE SANCTIONS UPON PLAINTIFF FOR FAILURE TO ATTEND ITS OWN RULE 30(b)(6) DEPOSITION

      Defendants Debtdomain GLMS Pte Ltd. ("Debtdomain GLMS"), Debtdomain (USA) Inc. ("Debtdomain USA"), David Levy ("Levy") and Seth Rothman ("Rothman") respectfully submit this reply memorandum of law in further support of their motion for an order, pursuant to Fed. R. Civ. P. 37(b) and (d) and the inherent powers and authority of the Court, imposing sanctions upon plaintiff Fidelity Information Services, Inc. ("Plaintiff") for violating a discovery order of this Court and failing to attend its own duly noticed Rule 30(b)(6) deposition.

      Due to Plaintiff's repeated refusal to appear for its Rule 30(b)(6) deposition, on July 28, 2010 the Court specifically directed Plaintiff to appear for a Rule 30(b)(6) deposition.  Plaintiff did not comply with the Court's directive.  Plaintiff's failure to appear for its Rule 30(b)(6) deposition, after failing to move for a protective order, was willful and in bad faith.

      Plaintiff does not contest that on July 28, 2010 the Court ruled that Defendants were entitled to (1) a Rule 30(b)(6) deposition and (2) a fact deposition of Ariel Elkayam ("Elkayam").  Plaintiff's Opposition to Defendants' Motion for Sanctions (the "Opposition"), instead argues that "the Court did not order that [the depositions] be during two separate sessions

or span two separate days." (Opposition at 13.) Accordingly, Plaintiff admits that it unilaterally decided that one day would be sufficient for both depositions and it elected to disregard Defendants' duly noticed Rule 30(b)(6) deposition. (See id. at 15-16, 23.)

The Federal Rules of Civil Procedure (the "Rules") are clear on this issue: parties may not unilaterally decide whether to appear for noticed depositions. See Fed. R. Civ. P. 37(d); Bey v. City of New York, No. 99 Civ. 3873, 2007 WL 1771557, at *3 (S.D.N.Y. June 18, 2007). The failure to appear for a deposition after being properly notice is grounds for sanctions to be ordered. See Fed. R. Civ. P. 37(d)(1)(A). The Rules clearly state that a failure to appear for a deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Here, Plaintiff never moved for a protective order under Rule 26(c).

Since Plaintiff failed to seek a protective order, its failure to appear for its duly noticed 30(b)(6) deposition may not be excused on the grounds that the deposition would be "needlessly repetitive" (see Opposition at 3) or that the topics for examination were repetitive or otherwise objectionable.[1] (See id. at 4, 10-12.)

The Rules provide for the timely resolution of such disputes before one party is made to bear the unnecessary expense of thwarted discovery. Here, Plaintiff's unilateral decision to not appear for the duly noticed deposition prior to giving the Court an opportunity to determine that its position was legally sound, was in violation of the Rules and must be sanctioned.[2]

---

[1] Arguably, only one (Topic No. 1) of the 13 topics listed in Defendants' Rule 30(b)(6) deposition notice dated August 18, 2010 was previously noticed and attended by a Plaintiff Rule 30(b)(6) representative. In any event, this does not excuse Plaintiff's failure to seek a protective order or otherwise fail to attend its deposition.

[2] In stark contrast to the practical and physical inability of Defendants to produce Viner for a deposition in London, which is the subject of Plaintiff's Cross Motion for Sanctions, Plaintiff's Opposition states no such inability to attend the noticed Rule 30(b)(6) deposition.

2

## CONCLUSION

For the reasons stated above and in Defendants' opening brief, Defendants respectfully request that the Court enter an Order sanctioning the Plaintiff for its repeated failures to appear for its 30(b)(6) deposition and for disobeying the Court's July 28, 2010 discovery order, by (1) prohibiting Plaintiff from supporting or opposing its claims or defenses through the use of testimony of any corporate officer, director, managing agent, employee or other representative that is related to the topics listed in Defendants' 30(b)(6) Notice, (2) instructing the jury that, had Plaintiff provided testimony on the topics listed in the 30(b)(6) Notice it would have been favorable to Defendants, and (3) awarding Defendants monetary sanctions to compensate for the reasonable costs and attorneys' fees they incurred in bringing this motion for sanctions.

Dated: New York, New York
      October 8, 2010

**CHADBOURNE & PARKE LLP**

By: *s/ Scott Balber*_____
    Scott S. Balber
    SBalber@chadbourne.com
    Paul J. Tanck
    PTanck@chadbourne.com
    30 Rockefeller Plaza
    New York, New York  10112
    Tel.: (212) 408-5100
    Fax: (212) 541-5369

*Attorneys for Defendants*