UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIDELITY INFORMATION SERVICES, INC.,<br><br>                                           Plaintiff,<br><br>-against-<br><br>DEBTDOMAIN GLMS PTE LTD., DEBTDOMAIN (USA) INC., DAVID LEVY, and SETH ROTHMAN,<br><br>                                           Defendants. | 09 Civ No. 07589-LAK<br><br>ECF Case |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SANCTIONS REGARDING GARRY VINER

Defendants Debtdomain GLMS Pte Ltd. ("Debtdomain GLMS"), Debtdomain (USA) Inc. ("Debtdomain USA"), David Levy ("Levy") and Seth Rothman ("Rothman") (collectively ("Defendants") respectfully submit this opposition to plaintiff Fidelity Information Services, Inc.'s ("Plaintiff") cross-motion for sanctions based on Defendants' alleged violation of the Court's orders requiring Defendants to produce Garry Viner ("Viner") for deposition in London and to produce Viner's documents (the "Cross-Motion").

### PRELIMINARY STATEMENT

Plaintiff's Cross-Motion attempts to create an impression that Defendants are fighting to keep Viner's documents and testimony out of this case. The opposite is true. Defendants have done and will continue to do everything in their power to provide Viner's documents and testimony. To this end, Defendants have: (1) produced all of Viner's documents related to this lawsuit, (2) secured Viner's agreement to provide deposition testimony in Australia or via video conference, and (3) offered to pay for Plaintiff's counsel's reasonable travel expenses in connection with travel to Australia to secure Viner's testimony. This has all been done, despite

the fact that Viner, is not, nor has he ever been an employee of Defendants.  The only thing that Defendants have not been able to do is force Viner to travel to London for a deposition, which they simply cannot do.  Given that Defendants have provided all of Viner's documents and have provided Plaintiff the opportunity to take his testimony in this matter, the harsh sanctions requested by Plaintiff are not warranted.

## ARGUMENT

### I

### DEFENDANTS' CONDUCT DOES NOT WARRANT ENTRY OF A DEFAULT JUDGMENT

Default judgment is an extreme sanction that is justified in rare circumstances where a party has shown "sustained and willful intransigence in the face of repeated and explicit warnings." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994); see Update Art, Inc. v. Modiin Publ., Ltd., 843 F.2d 67, 71 (2d Cir. 1988); Jones v. Niagara Frontier Transp. Auth., 836 F.2d 731, 734 (2d Cir. 1987).  Defendants have not committed the sort of continuous obfuscation of discovery that would warrant a default judgment.  Rather Defendants have made every possible effort to secure Viner's compliance with the discovery order that he appear in London for a deposition and produce his documents.  Defendants' efforts include:

- a request to Viner that he travel to London to appear for a deposition (see Docket No. 108 at Exh. 1),
- an offer to reimburse Viner for his travel expenses to London (id.),.
- securing Viner's agreement to be deposed in Australia in person or by video conference (during Sydney business hours) (see id. at Exh. 2),
- an offer to pay Plaintiff's airfare to depose Viner in Australia (see Cross-Motion at Exh. 7), and
- the production of all of Viner's documents that are responsive to Plaintiff's requests.  (See Cross-Motion at Exhs. 7 and 8.)

In a letter dated September 7, 2010, Viner stated:

> "While I do not wish to be impolite, I am not a party to your company's lawsuit and it does not concern me. I also am not an employee of your company whom you can send here and there at your pleasure. Nor do the United States courts have any right to order me, as an Australian citizen, to do anything. I have no interest in interfering with my life and my schedule by flying to and from London to provide testimony in a matter that simply does not concern me.
>
> In the interests of being conciliatory, if you were to come to me in Sydney, I would be willing to sit locally and provide testimony for your lawsuit. Alternatively, if it is possible to take the testimony via a video conference (during business hours in Sydney) I would be willing to do that. If you would be interested in proceeding this way please let me know. Otherwise I am sorry but I cannot help you."

(Id.) Therefore, the only thing Defendants have been unable to do is make Viner appear in London (as opposed to Australia or via video conference) for a deposition, which he steadfastly refuses to do. (Docket No. 108 at Exh. 2.) Moreover, since Defendants have offered to provide Viner's testimony and pay the expenses associated therewith, Plaintiff cannot reasonably claim that it has suffered any prejudice as a result.

Plaintiff relies on Statue of Liberty-Ellis Island Found., Inc. v. Int'l United Indus., 110 F.R.D. 395, 395 (S.D.N.Y. 1986) to argue that entry of a default judgment is appropriate. Plaintiff equates Defendants' conduct to that of the defendant in Statue of Liberty. (See Cross-Motion at 20.) Unfortunately, Plaintiff's reading of that case completely misses the mark. The defendant in Statue of Liberty ("IUI") "failed to respond to plaintiff's document requests, and its representatives failed to appear at depositions." 110 F.R.D. at 397. Indeed, Berger & Paul the law firm representing IUI moved to be relieved as counsel because IUI refused to cooperate in the litigation. Id. (discussing IUI's failure to communicate with Berger & Paul). Far from being "identical" to in the instant case as Plaintiff suggests, the defendant in Statue of Liberty displayed a complete lack of interest in participating the in the case, going so far as to ignore its own attorney. Defendants have never refused to participate in the litigation or endeavored to comply with discovery orders in bad faith and Defendants have produced all of Viner's documents and made Viner's deposition testimony available.

Cases granting default judgment often reflect similar extreme situations like that in <u>Statue of Liberty</u>, leading courts to consider the "context" of the discovery failure.  <u>Jones</u>, 836 F.2d at 735-36 (finding that the district court was justified in dismissing the case in light of plaintiff's willful and repeated conduct).  Plaintiff cites three other cases - <u>Jones</u>, <u>Valentine</u>, and <u>Republic of the Philippines</u> v. <u>Marcos</u>, 888 F.2d 954, 954 (2d Cir. 1989) - which do nothing more than demonstrate that default judgment is not warranted given the context of the discovery failure.[1]

These cases can be distinguished from this case because here, Viner provided all of his documents and agreed to provide his testimony.  Moreover, Defendants have not attempted to delay or obstruct the litigation by purposely avoiding discovery.  Defendants have produced nearly 100,000 pages of documents and will have made witnesses available for deposition in three continents.  The failure to produce Viner in London, as opposed to Australia or via video conference is not a symptom of a larger scheme to prevent the litigation from progressing; rather it is the result of Viner's steadfast refusal to travel to London and Defendants inability to compel him to do so.

Moreover, Plaintiff's allegations that the documents produced from Viner were "meager and deficient" are also unavailing.  Viner provided all of his documents that were responsive to Plaintiff's requests to counsel for Defendants.  Counsel for Defendants in turn produced <u>all</u> of Viner's documents and did not withhold any of Viner's documents on any grounds.  Plaintiff's allegation that Defendants are withholding evidence is unsubstantiated and completely

---

[1] While recognizing that "dismissal of an action or proceeding is the most severe of appropriate sanctions," <u>Republic of the Philippines</u>, 888 F.2d at 956, such a drastic sanction was warranted because the dilatory party was a plaintiff, who invoked the process of the court in support of his claim for relief, but refused to proceed in accordance with the rules.

speculative -- intended to create a controversy where none exists. Since Defendants have taken every possible step in order to get Viner to make himself available for deposition, and have in fact been able to get Viner to agree to a deposition in Australia or via video conference, the harsh sanction of default judgment requested by Plaintiff is disproportionate and unwarranted.

II

**DEFENDANTS' CONDUCT DOES NOT REFLECT A CULPABLE STATE OF MIND REQUIRING AN ADVERSE INFERENCE**

Plaintiff states without authority that Defendants' failure to procure Viner for deposition necessarily reflects a "culpable" state of mind. In Residential Funding v. DeGeorge Fin. Corp., 306 F.3d 99, 99 (2d Cir. 2002), the Second Circuit reflected that the definition of "culpable state of mind" includes not only the intentional or knowing destruction of documents during the course of discovery, but also the negligent destruction of documents. Id. at 108, 113 (holding that the defendant may be entitled to an adverse inference if the plaintiff was negligent in producing documents). The Second Circuit commented that the sluggishness of plaintiffs in producing evidence may reflect a "culpable state of mind" if the delay was unreasonable under the circumstances. See id. at 110-11.

Under the circumstances, the inability of Defendants to produce Viner for deposition is entirely reasonable. Viner is not, and has never been an employee of Defendants. (See Docket Nos. 99 and 100 at Exh. J.) Moreover, Viner lives in Australia and has refused to make himself available for deposition half way around the globe in London. (See Docket No. 108 at Exh. 2.) Finally, Defendants have offered to pay Plaintiff to fly to Australia to take Viner's deposition.

Moreover, Defendants' conduct is not the result of bad faith that would compel this Court to find that Defendants have a culpable state of mind. As we have previously stated, Defendants have taken all reasonable steps to compel the attendance of Viner at his deposition. Viner's

refusal to travel to London is not the result of bad faith or the "obvious determination that it is preferable . . . to face possible sanctions." (See Cross-Motion at 22.)

### III

### EVEN ASSUMING DEFENDANTS' CONDUCT IS SANCTIONABLE, PLAINTIFF WOULD ONLY BE ENTITLED TO THE PRECLUSION OF VINER'S TESTIMONY

Assuming that Plaintiff refuses take Viner's deposition in Australia or via video conference on Defendants' nickel, and assuming that Defendants' conduct is somehow sanctionable the only appropriate sanction is to preclude Viner from testifying at trial. See Chiquita Int'l, Ltd. v. M/V Cloudy Bay, 262 F.R.D. 318, 324-25 (S.D.N.Y. 2009) (excluding expert testimony when the proponent failed to timely produce the witness for deposition); Magee v. Paul Revere Life Ins. Co., 178 F.R.D. 33, 38 (E.D.N.Y. 1998) (upholding the exclusion of expert testimony when the expert refused to continue a deposition and refused to produce notes); York v. Commodore Cruise Line, Ltd., No. Civ. 0470 (PNL), 92 Civ. 1585 (PNL), 1993 U.S. Dist. LEXIS 17115, *4-9 (S.D.N.Y. Dec. 7, 1993) (precluding the trial testimony of defendant's employee who was accused of sexually molesting two cruise ship passengers because the witness failed to appear at a deposition).

Precluding Viner's testimony would cure any prejudice that may result from Viner's refusal to travel to London to testify because Viner would not be able to then travel to New York to provide testimony of an unknown quantity at trial.

Plaintiff's request to preclude Defendants from offering any testimony on whether or not Defendants copied SyndTrak should also be denied. Plaintiff makes this request without citing any authority to support this proposition. Plaintiff's case has not been irreparably damaged because the documents sought from Viner have been produced and his testimony is readily available if Plaintiff wants to take it.

For the reasons stated above, we respectfully request that Plaintiff's Cross-Motion for sanctions be denied.

Dated: New York, New York
October 8, 2010

**CHADBOURNE & PARKE LLP**

By: *s/ Scott Balber*_____
Scott S. Balber
SBalber@chadbourne.com
Paul J. Tanck
PTanck@chadbourne.com
30 Rockefeller Plaza
New York, New York  10112
Tel.: (212) 408-5100
Fax: (212) 541-5369
*Attorneys for Defendants*