# REAVIS PARENT LEHRER LLP

Mark H. Moore*
mmoore@rpl-law.com

Partners, Counsel and Associates in New York
Affiliated Attorneys in Los Angeles and San Francisco

*Admitted in New York

**MEMO ENDORSED**



41 Madison Avenue
41st Floor
New York, NY 10010

Telephone (212) 763-4100
Facsimile (212) 763-4141

www.rpl-law.com

October 8, 2010

**Via Facsimile**

The Honorable Kevin N. Fox
Daniel Patrick Moynihan
United States Courthouse, Courtroom 20A
500 Pearl Street
New York, NY 10007-1312

    Re:    *Fidelity Information Servs., Inc. v. Debtdomain GLMS Pte LTD., et al.*
            Case No. 09-cv-07589 (LAK)(KNF)

Dear Judge Fox:

      We represent plaintiff, Fidelity Information Services, Inc. ("Fidelity"), in the above action. We write to advise the Court as to dates the parties have agreed to for the briefing on Defendants' *Daubert* Motion to Exclude the Testimony of Fidelity's Expert, Mr. Charles Mauro, served on October 1, 2010. The parties have agreed that Fidelity will file its opposition on October 22, 2010, and Defendants can file a reply by November 5, 2010.

      Pursuant to the Court's memo endorsed Order dated August 13, 2010 (*see* Docket No. 94, the "August 13 Order"), any dispositive motion was required to be "served and filed" by October 1, 2010. Even though the Federal Rules and Your Honor's Individual Rules generally require that papers be served prior to filing (*see* Fed. R. Civ. P. 5(d)(1) and Rule 2(D) of Your Honor's Individual Rules), Defendants filed their Motion for Summary Judgment on October 1, 2010, but did not serve it in a timely way. As discussed in greater detail below, we therefore write to request that Defendants' Motion for Summary Judgment be stricken in its entirety.

      Despite the mandate of the August 13 Order, Defendants arranged to have their summary judgment papers sent to our firm by overnight courier for receipt on Saturday, October 2, 2010. Defendants contend that they attempted hand service of the papers on

{00584260; 1}

Hon. Kevin N. Fox
October 8, 2010
Page 2 of 3

October 1, 2010, but were denied access to our firm's office building. Although I was in my office until 8:00 p.m. on October 1, 2010, I received nothing nor did anyone from our building call me to advise that a delivery was being made. Also, even though we have on several occasions, whether requested by Defendants or not, e-mailed papers to Defendants, Defendants made no attempt to e-mail us any of their summary judgment papers on October 1, 2010. We also did not receive any papers via the Court's ECF system since Defendants' filing with the Court was required to be made manually and under seal. Consequently, because our offices were closed on the following Saturday and Sunday (October 2 and 3), we did not receive any of Defendants' summary judgment papers until Monday, October 4, 2010.

In light of Defendants' late service causing Fidelity to lose three days from its time to prepare and file its opposition to Defendants' summary judgment motion, on October 5, 2010, we requested from Defendants, via e-mail, consent to a three-day extension, up to November 4, 2010, for Fidelity to file its opposition. Defendants did not respond until after we sent a follow-up e-mail on October 6, 2010, and then were only agreeable to a one-day extension since the papers were allegedly received by our firm on Saturday, October 2, 2010.

Within minutes of receiving Defendants response on October 6, 2010, we responded via e-mail and advised them again that we did not receive the papers until Monday, October 4, 2010, and again requested a three-day extension and also proposed that we would be agreeable to a reciprocal three-day extension, up to November 18, 2010, for Defendants to file their reply. We also advised Defendants that if they were not agreeable to the full three-day extension, we would request that the Court strike their late-served Motion for Summary Judgment. Defendants advised that they would respond to our proposal on October 7, 2010, however, to date, we have received no response.

In view of Defendants' late service of its summary judgment papers and refusal to cooperate on agreeing to a reasonable extension, the request for which was in fact necessitated by Defendants' late service, we respectfully request that the Court strike Defendants' Motion for Summary Judgment in its entirety. Alternatively, although the Court previously denied our request for a one-month adjournment to the summary judgment briefing schedule (*see* Docket No. 107), we submit that our request for a three-day adjournment to the schedule is reasonable in light of Defendants' untimely manner of service. Therefore, should the Court not agree to strike Defendants' summary judgment motion, we respectfully request that the Court slightly modify the briefing schedule such that Fidelity may file its opposition by November 4, 2010, and Defendants may file their reply by November 18, 2010.

10/8/10
Application denied.
  SO ORDERED:
  /s/ Kevin Nathaniel Fox
  KEVIN NATHANIEL FOX, U.S.M.J.

Respectfully submitted,

Mark H. Moore

{00584260; 1}

Hon. Kevin N. Fox
October 8, 2010
Page 3 of 3

cc:   Scott S. Balber, Esq. (via e-mail)

{00584260; 1}