## REAVIS PARENT LEHRER LLP



Mark H. Moore*
mmoore@rpl-law.com

Partners, Counsel and Associates in New York
Affiliated Attorneys in Los Angeles and San Francisco

*Admitted in New York

41 Madison Avenue
41" Floor
New York, NY 10010

Telephone (212) 763-4100
Facsimile (212) 763-4141

www.rpl-law.com

October 25, 2010

**Via Hand Delivery**

**MEMO ENDORSED**

The Honorable Lewis A. Kaplan
Daniel Patrick Moynihan
United States Courthouse, Courtroom 12D
500 Pearl Street
New York, NY 10007-1312

Re:   *Fidelity Information Servs., Inc. v. Debtdomain GLMS Pte LTD., et al.*
      *Case No. 09-cv-07589 (LAK)(KNF)*

Dear Judge Kaplan:

We represent plaintiff Fidelity Information Services, Inc. ("Plaintiff") in the above-referenced matter. We write to respectfully request a 15-page enlargement of the page limits set forth in Your Honor's Individual Practices for Plaintiff's memorandum of law in opposition to Defendants' motion for summary judgment ("Plaintiff's Memorandum"), which is due November 1, 2010.

While Plaintiff firmly believes that there is no basis in law or fact to grant summary judgment against these claims, during the course of drafting Plaintiff's Memorandum, we have determined that we will require more than the 35-page limit to respond fully to each of the many arguments raised in scattershot and often conclusory fashion in Defendants' memorandum of law ("Defendants' Memorandum"). To illustrate, Defendants moved for summary judgment on Plaintiff's claims for copyright infringement, breach of contract, and unfair competition, as well as on the independent grounds of causation and damages. On the copyright claim alone, Defendants' Memorandum sets forth at least three separate legal bases that purportedly mandate summary judgment, including, *inter alia*, complex arguments relating to (i) the supposed limited protection afforded under copyright law for Plaintiff's SyndTrak software's computer screen display, (ii) Plaintiff's allegedly inadequate copyright registrations, and (iii) the alleged lack of substantial similarity between Plaintiff's screen display and

{00590323; 2}

Defendants' screen display. In part, additional pages are appropriate simply because of the number of issues presented.

Additionally, contrary to Defendants' Memorandum, there are a multitude of facts in dispute relating to each of Plaintiff's claims, which facts Plaintiff is compiling to provide the Court with a comprehensive record as required on the instant motion. The recitation, analysis and marshalling of these facts in dispute – even as shortened by citation to Plaintiff's local civil rule 56.1 statement – further supports Plaintiff's request for permission to file a memorandum that is 15 pages over the 35-page limit. Furthermore, Defendants have included in the body of Defendants' Memorandum pictures of the computer screen displays in dispute. Plaintiff would also like the opportunity to include illustrations within the body of its memorandum reflecting the important comparisons with Fidelity's infringed computer screen. While this will require the use of additional pages, Plaintiff submits that it will greatly aide the Court's consideration of the motion to be able to reference illustrations directly in the context of the relevant legal argument.

Accordingly, for all of the above-stated reasons, Plaintiff respectfully requests permission to file a 50-page memorandum of law in support of its opposition to Defendants' motion for summary judgment.

10/27/10
Application denied.
The plaintiff's memorandum
of law shall not exceed 40 pages.
SO ORDERED:

KEVIN NATHANIEL FOX, U.S.M.J.

Respectfully submitted,

Mark H. Moore

cc: Scott S. Balber, Esq. (via facsimile)
Hon. Kevin N. Fox  (via hand delivery)