UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FIDELITY INFORMATION SERVICES, INC.,   :

                                   :

             Plaintiff,              :

                                   :

        -against-                :

                                   :        **MEMORANDUM and ORDER**

                                 :

DEBTDOMAIN GLMS PTE LTD.,          :       09 Civ. 7589 (LAK)(KNF)

DEBTDOMAIN (USA) INC.,             :

DAVID LEVY and SETH ROTHMAN,    :

                                 :

           Defendants.       :

------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

On August 31, 2009, Fidelity Information Services, Inc. ("FIS") commenced this action against Debtdomain GLMS Pte Ltd. ("GLMS") and David Levy ("Levy") for copyright infringement, unfair competition and violations of the Lanham Act. On September 11, 2009, FIS amended its complaint, as a matter of right, adding Debtdomain (USA) Inc. ("USA") (collectively with GLMS, "Debtdomain") as a defendant.

On January 4, 2010, the assigned district judge, the Honorable Lewis A. Kaplan, dismissed the amended complaint as against Levy, without prejudice. On January 22, 2010, FIS moved for leave to file a second amended complaint ("SAC"). On February 16, 2010, Judge Kaplan issued a scheduling order in this case, setting March 1, 2010, as the final date for the parties to amend pleadings or join additional parties. On February 22, 2010, Judge Kaplan granted FIS's motion to amend and deemed the SAC served and filed on that date. The SAC added Seth Rothman ("Rothman") as a defendant and added a breach of contract claim against Levy for allegedly violating his November 30, 2003 Non-Competition Agreement.

On March 1, 2010, FIS moved for leave to file a third amended complaint ("TAC") that

withdrew its Lanham Act claims.  On March 25, 2010, the Court granted FIS's motion, noting that: (1) FIS made its motion on the final date set by Judge Kaplan for doing so; (2) the defendants had yet to respond to the SAC; (3) the parties had, at that juncture, engaged in minimal discovery; and (4) the TAC would narrow the scope of the litigation.  The TAC, the operative complaint in this case, asserts claims of copyright infringement and unfair competition against GLMS, USA, Levy and Rothman, and a breach of contract claim against Levy.

USA, Levy and Rothman answered the TAC; however, on April 19, 2010, GLMS filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(5), for insufficient service of process.  On July 28, 2010, the Court allowed discovery to proceed against GLMS.  On September 9, 2010, the day after the discovery completion date, GLMS withdrew its motion and filed counterclaims against FIS. On October 1, 2010, the defendants moved for summary judgment on all claims in the TAC.

Before the Court is FIS's September 27, 2010 motion for leave to file a fourth amended complaint ("FAC").  The proposed FAC adds: (1) a breach of contract claim against Levy, for allegedly violating his November 30, 2003 Employment Agreement; (2) two breach of contract claims against Rothman, for allegedly violating (a) his October 4, 2002 Confidentiality, Work Product and Non-Competition Agreement, and (b) a stipulation and order of dismissal in a separate action with FIS; (3) a tortious interference with contractual relations claim against Levy, USA and GLMS; and (4) a misappropriation of trade secrets claim against all defendants.

## DISCUSSION

### I.     Standard

Leave to amend should be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Notwithstanding this lenient standard, the decision to grant or deny leave to amend is within the discretion of the district court.  See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).  A district court may properly deny leave to amend for "undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." See id.; see also SCS Commc'ns, Inc. v. Herrick Co., Inc., 360 F.3d 329, 345 (2d Cir. 2004) ("[U]nder Fed. R. Civ. P. 15(a), leave to amend a pleading may only be given when factors such as undue delay or undue prejudice to the opposing party are absent.")(emphasis in original).  However, "mere delay is not, of itself, sufficient to justify denial of a Rule 15(a) motion." Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000) (internal quotation marks and citation omitted).

"Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed."  Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243 (2d Cir. 2007).  Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause[.]"  The Second Circuit has held that, where a district court has set a deadline for amending pleadings, "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline[.]"  Parker, 204 F.3d at 340.

"A finding of good cause depends on the diligence of the moving party."  Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003)(affirming denial of leave to amend where plaintiffs delayed more than one year, discovery had completed and a summary judgment motion was pending).  "[T]he good cause standard is not satisfied when the proposed amendment rests on information 'that the party knew, or should have known, in advance of the deadline.'"  Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010)(citation omitted)(finding plaintiff acted with diligence in seeking leave to amend within two months of discovering the facts underlying its new cause of action); but see Jackson v. Roslyn Bd. of Educ., 596 F. Supp. 2d 581, 586 (E.D.N.Y. 2009)(finding plaintiff's delay of nearly five months to evince "a lack of diligence").

Although the moving party's diligence is a district court's "primary consideration" in its Rule 16(b) good cause inquiry, a court "also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." Kassner, 496 F.3d at 244. An amendment is prejudicial to the non-moving party if it "would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008)(internal quotation marks and citation omitted).

## II.    Application

Although the Court extended the deadline to complete discovery in this case several times, the deadline for amending pleadings remained March 1, 2010. As FIS filed its motion for leave to amend on September 27, 2010, nearly seven months after the deadline set in the scheduling order, the Court must determine whether FIS has demonstrated good cause for modifying the scheduling order to allow yet another amendment. The defendants contend the proposed amendment is untimely, prejudicial and futile.

### A.    Undue Delay

FIS contends that it should be permitted to file its FAC because its new claims are based on evidence obtained though discovery, in August 2010. This argument is belied by FIS's admission that its July 1, 2010 Responses to the Defendants' Second Set of Interrogatories indicate that its unfair competition claim is based on Rothman's alleged violation of his Confidentiality, Work Product and Non-Competition Agreement and a court order, as well as Levy's violation of his Employment Agreement. The Responses also provide that: (1) the "[d]efendants encouraged and benefitted from Rothman's violation of the Rothman order, which was designed to protect [FIS] from competition from Rothman"; (2) Levy and Rothman "have revealed and used detailed trade secrets, confidential and proprietary information . . . and Debtdomain has accepted such information and the

4

use of such information by Levy and Rothman while in their employ." These allegations, collectively, are the predicates for FIS's new claims in its proposed FAC.

Clearly, FIS had knowledge of the information giving rise to its new claims since July 1, 2010, at the latest,[1] but chose to pursue its allegations as part of an unfair competition claim, rather than separate causes of action for breach of contract, tortious interference and misappropriation of trade secrets. Although FIS sought extensions of the discovery completion deadline repeatedly in this action, it never requested an extension of the deadline to amend pleadings, which passed nearly seven months prior to FIS filing the instant motion. In such a circumstance, the Court is not persuaded FIS acted diligently to pursue amending its pleading.

**B.     Prejudice**

FIS maintains that the defendants have failed to demonstrate any prejudice would result if it is permitted to amend its pleading because "the new claims are closely related to the pending claims and will not result in additional discovery[.]" The Court disagrees on the latter point. Additional discovery regarding the new claims is necessary. Even if that discovery is limited, the defendants would likely still expend significant additional resources exploring FIS's five new causes of action. Over the course of seven months, the Court held nearly a dozen conferences with the parties and issued numerous orders to address discovery-related disputes. The Court has no reason to expect that future discovery would be less contentious and costly.

Moreover, the Court is unconvinced that the relatedness of the new claims to the pending claims militates in favor of allowing an amendment in this case. A district court must afford pro se litigants more leniency, and therefore may grant a pro se plaintiff leave to amend, after the close of discovery and during the pendency of a summary judgment motion, on the theory that "the new

---

[1]     Some of the documents supporting the new claims were produced, by the defendants, in the spring of 2010.

5

claims are merely variations on the original . . . arising from the same set of operative facts as the original complaint." Hanlin v. Mitchelson, 794 F.2d 834, 841 (2d Cir. 1986). However, a court need not afford similar liberality to counsel, who are responsible for raising all viable claims for their clients in a timely fashion.

## CONCLUSION

For the reasons set forth above, FIS's motion for leave to amend is denied.

Dated: New York, New York                              SO ORDERED:
       August 11, 2011

                                                       _Kevin Nathaniel Fox_____
                                                       KEVIN NATHANIEL FOX
                                                       UNITED STATES MAGISTRATE JUDGE

6