UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIDELITY INFORMATION SERVICES, INC.,

                       Plaintiff,

             -against-

DEBTDOMAIN GLMS PTE LTD., DEBTDOMAIN
(USA) INC., DAVID LEVY, and SETH ROTHMAN,

                       Defendants.

09 Civ. No. 07589-LAK

ECF Case

**DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S AUGUST 22, 2011
ORDER GRANTING PLAINTIFF'S CROSS-MOTION FOR SANCTIONS**

CHADBOURNE & PARKE LLP
Attorneys for Defendants
30 Rockefeller Plaza
New York, NY  10112
(212) 408-5100

Scott S. Balber
Robert A. Schwinger
Paul J. Tanck
       Of Counsel

# TABLE OF CONTENTS

**Page**

BACKGROUND ........................................................................................................................2

    A.    Prior Proceedings Concerning Viner ...................................................................2

    B.    Defendants' Efforts to Make Viner's Testimony Available to Plaintiff..................2

    C.    The Order .............................................................................................................3

ARGUMENT...............................................................................................................................4

    A.    The Order is Contrary to Second Circuit Standards
Governing Issuance of Adverse Inference Instructions ...........................................4

    B.    The Order's Adverse Inference Instruction Is Inappropriate Because There
Was — and Could Not Have Been — Any Finding of Prejudice .........................5

    C.    The Most That Plaintiff Should Be Granted as a
Sanction is the Preclusion of Viner's Testimony......................................................7

    D.    Even If an Adverse Inference Instruction Were Granted,
It Should Not Have Been a Mandatory Instruction ..............................................10

CONCLUSION.........................................................................................................................11

i

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

ACORN (New York Assoc. of Comm. Orgs. For Reform Now) v. County of Nassau,
  No. 05 CV 2301, 2009 WL 605859 (S.D.N.Y. Aug. 13, 2009) .................................................9

Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co., Ltd.,
  769 F. Supp. 2d 269 (S.D.N.Y. 2001).......................................................................................7

Chiquita Int'l, Ltd. v. M/V Cloudy Bay,
  No. 08 Civ. 1041 (KNF), 2009 WL 3152217 (S.D.N.Y. Sept. 30, 2009) ..............................7, 9

Great Northern Ins. Co. v. Power Cooling, Inc.,
  No. 06 CV 874, 2007 WL 2687666 (E.D.N.Y. Sept. 10, 2007)................................................9

Magee v. Paul Revere Life Ins. Co.,
  178 F.R.D. 33 (E.D.N.Y. 1998)................................................................................................9

Pension Comm. of the Univ. of Montreal Pension Plan v. Bank of America,
  685 F. Supp. 2d 456 (S.D.N.Y. 2010).....................................................................................10

R.F.M.A.S., Inc. v. So,
  271 F.R.D. 13 (S.D.N.Y. 2010) ............................................................................................6, 7

Rattray v. Woodbury Cnty.,
  761 F. Supp. 2d 836 (N.D. Iowa 2010)...................................................................................10

Residential Funding Corp. v. DeGeorge Financial Corp.,
  306 F.3d 99 (2d Cir. 2002).....................................................................................................4, 5

Richard Green (Fine Paintings) v. McClendon,
  262 F.R.D. 284 (S.D.N.Y. 2009) .....................................................................................5, 6, 7

Rimkus Consulting Group, Inc. v. Cammarata,
  688 F. Supp. 2d 598 (S.D. Tex. 2010) ....................................................................................10

Scott v. City of New York,
  591 F. Supp. 2d 554 (S.D.N.Y. 2008).......................................................................................8

Toussie v. County of Suffolk,
  No. 01 CV 6716, 2007 WL 4565160 (E.D.N.Y. Dec. 21, 2007)..............................................9

Treppel v. Biovail Corp.,
  249 F.R.D. 111 (S.D.N.Y. 2008) ..............................................................................................9

York v. Commodore Cruise Line, Ltd.,
    No. Civ. 0470 (PNL), 92 Civ. 1585 (PNL),
    1993 U.S. Dist. LEXIS 17115 (S.D.N.Y. Dec. 7, 1993) ........................................................ 8-9

**OTHER AUTHORITIES**

Fed. R. Civ. P. 72(a) ...............................................................................................................4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FIDELITY INFORMATION SERVICES, INC.,

                            Plaintiff,

                        -against-

DEBTDOMAIN GLMS PTE LTD., DEBTDOMAIN (USA) INC., DAVID LEVY, and SETH ROTHMAN,

                            Defendants.

09 Civ. No. 07589-LAK

ECF Case

---

### DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S AUGUST 22, 2011 ORDER GRANTING PLAINTIFF'S CROSS-MOTION FOR SANCTIONS

Defendants Debtdomain GLMS Pte Ltd. ("Debtdomain GLMS"), Debtdomain (USA) Inc. ("Debtdomain USA"), David Levy ("Levy") and Seth Rothman ("Rothman") (collectively ("Defendants") respectfully submit this objection, pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b), to the order of Magistrate Judge Kevin Nathaniel Fox dated August 22, 2011 (Dkt. No. 146) (the "Order") (copy attached as Exhibit A), insofar as the Order granted plaintiff's cross-motion for sanctions against the Defendants for failing to produce one Garry Viner ("Viner") for a deposition in accordance with a prior court order, precluded Defendants from offering any testimony from Viner in support of any motion or at any hearing or trial in this action, and further provided that:

> "the Court will inform the assigned district judge that an instruction should be given at the trial that the jury must infer that Mr. Vi[]ner's testimony, as to the work he did respecting the redesign of the defendants' 'Notes Screen' or 'Notes Page,' would have been adverse to the defendants,"

if the District Judge does not adopt the Magistrate Judge's August 11, 2011 recommendation that Defendants be granted summary judgment. (Order [Exh. A] at 2.)

## BACKGROUND

A. **Prior Proceedings Concerning Viner**

By order dated August 12, 2010 (Dkt. No. 92), Magistrate Judge Fox ordered defendants to produce Viner — an Australian citizen living and working in Australia for a company which is a contractor to one of the Defendants — for a deposition in London, despite Defendants' contentions and showing that Viner was not their employee or managing agent, and that they had no power to compel him to appear to give testimony. Defendants filed a Rule 72(a) objection to this ruling on August 26, 2010 (Dkt. No. 99), which was overruled by the District Judge on August 27, 2010 (Dkt. No. 103).

B. **Defendants' Efforts to Make Viner's Testimony Available to Plaintiff**

As was to be expected, Defendants were unable to make Viner leave his home in Australia and travel halfway around the world for a deposition in London, though not for lack of trying. Despite Defendants' written offer to pay all Viner's expenses (copy of letter annexed hereto as Exhibit B),[1] Viner by letter in response (copy annexed hereto as Exhibit C)[2] (i) refused to travel to London for a deposition, (ii) rejected the suggestion that Debtdomain GLMS or indeed the United States courts had any authority to order him to go anywhere, but (iii) did say

---

[1] This letter was cited in Defendants' Opposition to Plaintiff's Cross-Motion for Sanctions Regarding Garry Viner, Dkt. No. 129, dated October 8, 2010 ("Cross-Motion Opp."), at p. 2 (citing Exhibit 1 to Endorsed Order of Magistrate Judge Fox, Dkt. No. 108, dated September 13, 2010).

[2] This letter was cited in the Cross-Motion Opp. at p. 2 (citing Exhibit 2 to Endorsed Order of Magistrate Judge Fox, Dkt. No. 108, dated September 13, 2010).

2

that he would be willing to sit for a deposition locally in Sydney, Australia, either in person or by video conference.

As it was not within the Defendants' power to physically force Viner to travel to London for a deposition, Defendants offered to pay for Plaintiff's reasonable expenses in acquiring Viner's testimony in Australia per Viner's offer. (See copy of letter annexed hereto as Exhibit D).[3] Plaintiff refused to pursue this available avenue for obtaining Viner's testimony for use in this action, however, and thus failed to take the available deposition testimony from Viner.

## C.    The Order

On August 24, 2010, after Defendants moved for sanctions against Plaintiff for its refusal to produce a Rule 30(b)(6) deposition witness, Plaintiff countered by cross-moving for sanctions against Defendants for not producing Viner for a deposition in London. (Dkt. No. 117.) The Magistrate Judge, by the Order, granted Plaintiff's cross-motion (after also having granted Defendants' sanction motion against Plaintiff). The Order does not making any finding that Plaintiff suffered any prejudice as a result of Viner's non-appearance in London for a deposition. Nevertheless, as a remedy, the Order precluded Defendants from offering any testimony from Viner "in support of any motion made or any hearing or trial held" in this action, indicated that an adverse inference instruction against Defendants should be given at trial in the event that a trial were held because the District Judge did not accept the Magistrate Judge's recommendation that Defendants be granted summary judgment, and awarded "reasonable expenses, including attorney's fees, associated with the defendants' failure to produce Mr. Vi[]ner for his deposition." (Order [Exh. A] at 2.) Plaintiff, by letter to the Court dated August 24, 2011,

---

[3]  This letter was cited in the Cross-Motion Opp. at p. 2 (citing Exhibit 7 to Plaintiff's Cross-Motion for Sanctions Regarding Garry Viner, Dkt. No. 117, dated September 24, 2010).

3

subsequently agreed not to pursue any such award of expenses on its cross-motion. (Copy of letter annexed hereto as Exhibit E.)

## ARGUMENT

As part of preserving Defendants' objections to the prior order calling upon Defendants to produce Viner for a deposition in London, and for the same reasons as set forth in those prior objections (see Dkt. No. 99, dated August 26, 2010), Defendants object generally to the granting of Plaintiff's cross-motion for sanctions and the granting of any relief thereunder. However, Defendants' objection here will be focused primarily on the issue of the adverse inference instruction. While the preclusion order is also unjustified, Defendants' inability to procure Viner's appearance to give testimony in this action makes that aspect of the relief of no practical consequence to Defendants, and Plaintiff itself has agreed not to pursue the expenses provided for in the Order. The Order's award of an adverse inference — in the absence of a showing of any prejudice to Plaintiff, in the face of Defendants' offer which fully mitigated any potential for prejudice, and given the preclusion remedy that the Order was already providing — is clearly erroneous and contrary to law. The Order should be set aside.

**A.     The Order is Contrary to Second Circuit Standards
         Governing Issuance of Adverse Inference Instructions**

A District Judge may set aside any part of a Magistrate Judge's order as to a non-dispositive matter that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a). The adverse inference instruction provisions of the Order are clearly erroneous and contrary to law because they ignore established authority as to the limited circumstances when such an extreme remedy might be appropriate.

As outlined by the Second Circuit in Residential Funding Corp. v. DeGeorge Financial Corp., 306 F.3d 99 (2d Cir. 2002), the legal standards that govern imposition of an adverse

4

inference instruction as a remedy for claimed non-production in discovery have several elements. First is the basic conceptual principle that the justification for granting an adverse inference instruction is when it "provides the necessary mechanism for restoring the evidentiary balance." Id. at 108 (citations omitted).  Second,

> "[w]here . . . an adverse inference instruction is sought on the basis that the evidence was not produced in time for use at trial, the party seeking the instruction must show (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had 'a culpable state of mind'; and (3) that the missing evidence is 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense."

Id. at 107.  Third, when the "evidence at issue was apparently not destroyed, but merely not timely produced" a Court must also determine whether the innocent party was prejudiced by the failure to [timely] produce" the evidence at issue.  Id. at 112.  Even if the party charged failing to produce "acted with a culpable state of mind," if the moving party nevertheless "was not prejudiced," then the Court "should consider whether lesser sanctions, including, but not limited to, [costs], are warranted."  Id.  Appropriate sanctions should be tailored according to "the prejudice suffered by the party seeking sanctions."  Richard Green (Fine Paintings) v. McClendon, 262 F.R.D. 284, 292 (S.D.N.Y. 2009).

**B.     The Order's Adverse Inference Instruction Is Inappropriate Because There Was — and Could Not Have Been — Any Finding of Prejudice**

Magistrate Judge Fox made no finding that Defendants' failure — or inability, to be frank — to produce Viner in London prejudiced Plaintiff.  As Defendants detailed in their opposition to Plaintiff's cross-motion for sanctions (see Cross-Motion Opp. [Dkt. No. 129] at 3), because Viner's testimony was available to Plaintiff via teleconference or in Australia and at no expense to Plaintiff, Plaintiff cannot reasonably claim that it suffered any prejudice from Defendants' inability to get Viner to travel to London to give that same testimony.  Indeed, Defendants'

5

inability to procure Viner in London never resulted in the unavailability of Viner's testimony in this lawsuit.[4]

The issue concerning the Viner deposition thus has nothing to do with evidence or substance in this case, but rather only convenience and cost. To address such mechanical issues with a sanction that will substantively skew the fact-finding process (if this case is ever tried) is inappropriate. To issue an adverse inference instruction against Defendants here was contrary to law because there was no showing that Plaintiff was prejudiced by the lack of evidence, and the instruction plainly was not "necessary," given Defendant's offer to bear the costs of an Australia deposition. In such circumstances, an adverse inference instruction is not the only (or even the best available) "mechanism to restore the evidentiary balance." See Residential Funding, 306 F.3d at 108, 112; Richard Green (Fine Paintings), 262 F.R.D. at 291 ("without some proof that the defendant's actions created an unfair evidentiary imbalance, an adverse inference is not appropriate").

Numerous district court decisions in this Circuit exemplify this point. In R.F.M.A.S., Inc. v. So, 271 F.R.D. 13 (S.D.N.Y. 2010), for example, the Court found that an adverse inference was not appropriate where no prejudice was found, holding that "the absence of prejudice generally militates towards the imposition of a less harsh sanction . . . ." Id. at 24. The Court noted that "absence of prejudice can be shown by demonstrating, for example, that the other parties were able to obtain the same evidence from another source." Id. at 25. Thus, the Court termed the moving party's claim of prejudice in that case "somewhat overblown" because

---

[4] For this reason, it is impossible to identify any litigation advantage that Defendants supposedly might improperly have hoped to reap from this situation, when they volunteered to bear the costs necessary to alleviate any potential prejudice to Plaintiff in an effort to enable the Viner deposition to go forward.

6

the claimed prejudice was "partly due to [that party's own] decision not to pursue the relevant discovery from [another source]." Id. at 52.  For these reasons, and because it is "particularly evident . . . in a copyright infringement action" that an adverse inference instruction would be a "severe," if not "devastating," sanction, the Court instead awarded costs and attorney's fees that were incurred by the moving party in pursuing the evidence.  Id. at 52-53.  "A court should always impose the least harsh sanction that will accomplish [the] goals" that the sanctioning mechanism exists to serve.  Id. at 24 (citations omitted).

Similar principles were applied in Cedar Petrochemicals, Inc. v. Dongbu Hannong Chemical Co., Ltd., 769 F. Supp. 2d 269 (S.D.N.Y. 2001).  The Court in that case held that "[i]f there is no or nominal prejudice, the likelihood of an adverse inference instruction becomes nil and lesser sanctions should be considered."  Id. at 290-91.  It thus determined that an adverse inference was not warranted because the party seeking the sanction in fact had the opportunity to inspect the discovery sought.  Id.  Likewise, in Chiquita Int'l, Ltd. v. M/V Cloudy Bay, No. 08 Civ. 1041 (KNF), 2009 WL 3152217, at *3 (S.D.N.Y. Sept. 30, 2009), the Court stated:

> "inasmuch as the defendants were invited to view the contents of Burgum's laptop, which Burgum testified contained all the container downloads he received, and did not avail themselves of this opportunity, the defendants' request, for an adverse inference to be drawn against the plaintiffs, appears unwarranted, since the defendants did not act to avoid, or reduce, the prejudice they now claim to face."

See also Richard Green (Fine Paintings), 262 F.R.D. at 292 ("[W]ithout some proof that the defendant's actions created an unfair evidentiary imbalance, an adverse inference is not appropriate.").

Here, while Viner's testimony was not made available in London, it has been and still is available, either in person in Australia or via teleconference.  Accordingly, even if Plaintiff were to allege that it suffered prejudice, the claimed prejudice would be of their own making because they chose not to pursue alternatives for obtaining that evidence that were available entirely at

7

Defendants' expense, not Plaintiff's. Accordingly, and particularly in this copyright infringement action, an adverse inference instruction is an inappropriate sanction to be issued for this situation.

C.  **The Most That Plaintiff Should Be Granted as a Sanction is the Preclusion of Viner's Testimony**

As noted at the outset, Defendants object to any sanction here because of their prior (and continuing) position that it was improper to have ordered Defendants to somehow produce Viner for a deposition. Nevertheless, understanding that the Court previously ruled otherwise, even if the Court were inclined to allow a non-monetary sanction of some kind in these circumstances, the Order's provisions precluding any future testimony by Viner in this action is more than sufficient to protect Plaintiff from any claimed prejudice that may result from Viner's refusal to travel to London to testify. As Defendants detailed in their opposition to Plaintiff's cross-motion for sanctions (see Cross-Motion Opp. [Dkt. No. 129] at 6), the preclusion sanction fully protects Plaintiff from the hypothetical risk of Viner in the future suddenly choosing to travel to New York to provide trial testimony against Plaintiff that Plaintiff had been unable to explore in pretrial discovery.

Numerous District Court decisions within this Circuit have recognized that preclusion orders provide sufficient protection in circumstances such as these and that adverse inference instructions are therefore not warranted. In Scott v. City of New York, 591 F. Supp. 2d 554, 566 (S.D.N.Y. 2008), for example, the Court held that an adverse inference instruction was unnecessary with respect to party witnesses who failed to appear for noticed depositions, and instead held that the sanction of preventing such witnesses from appearing at trial was "an adequate penalty." Similarly, in York v. Commodore Cruise Line, Ltd., No. Civ. 0470 (PNL), 92 Civ. 1585 (PNL), 1993 U.S. Dist. LEXIS 17115, *4-9 (S.D.N.Y. Dec. 7, 1993), when

8

defendant's employee who was accused of sexually molesting two cruise ship passengers failed to appear at a deposition, the sanction issued was limiting to precluding trial testimony by the employee. See also Chiquita Int'l, Ltd. v. M/V Cloudy Bay, 262 F.R.D. 318, 324-25 (S.D.N.Y. 2009) (holding exclusion of testimony to be the "reasonable and appropriate" remedy with respect to experts whom the plaintiff failed to timely produce for deposition); Magee v. Paul Revere Life Ins. Co., 178 F.R.D. 33, 38 (E.D.N.Y. 1998) (upholding as the appropriate sanction excluding testimony from a party's expert when the party repeatedly failed to produce the expert for deposition or produce his notes).

"In general, the adverse inference instruction is an extreme sanction and should not be imposed lightly." Treppel v. Biovail Corp., 249 F.R.D. 111, 120 (S.D.N.Y. 2008). Courts hesitate to issue such an extreme sanction even when evidence has been destroyed. See id. at 123-24 (holding that issuing an adverse inference instruction would be unjustified, but ordering other remedies); Toussie v. County of Suffolk, No. 01 CV 6716, 2007 WL 4565160 at *9-10 (E.D.N.Y. Dec. 21, 2007) (finding adverse inference not warranted, but awarding costs); Great Northern Ins. Co. v. Power Cooling, Inc., No. 06 CV 874, 2007 WL 2687666, at *12-14 (E.D.N.Y. Sept. 10, 2007) (despite finding that a turbine was destroyed "knowingly and willfully," court found adverse inference instruction "not warranted," and limited sanctions to a preclusion order); ACORN (New York Assoc. of Comm. Orgs. For Reform Now) v. County of Nassau, No. 05 CV 2301, 2009 WL 605859 at *6-7 (S.D.N.Y. Aug. 13, 2009) (denying request for adverse inference instruction for discovery failures, but awarding costs of bringing motion to moving party).

9

### D. Even If an Adverse Inference Instruction Were Granted, It Should Not Have Been a Mandatory Instruction

Even assuming arguendo that there was any basis for issuing an adverse inference instruction against Defendants in this case, the Order improperly called for a mandatory instruction. (See Order [Exh. A] at 2 ("... an instruction should be given at the trial that the jury must infer ... " (emphasis added)).) If any such instruction were called for here, it should only have been a permissive instruction ("the jury may infer ... ").

Even in spoliation cases, where there was not merely a failure to produce evidence but actual destruction of evidence, so that it was no longer possible for anyone to obtain the evidence ever again, courts have held that a permissive adverse inference instruction was the appropriate sanction. See, e.g., Pension Comm. of the Univ. of Montreal Pension Plan v. Bank of America, 685 F. Supp. 2d 456, 496 (S.D.N.Y. 2010) (as spoliation sanction, jury to be given adverse inference instruction prefaced by statement that "you may presume, if you so choose, that ... "); Rimkus Consulting Group, Inc. v. Cammarata, 688 F. Supp. 2d 598, 608, 619-20 (S.D. Tex. 2010) (granting only permissive adverse inference instruction even where intentional destruction of relevant evidence was alleged); Rattray v. Woodbury Cnty., 761 F. Supp. 2d 836, 847-48 (N.D. Iowa 2010) (granting "permissive" adverse inference instruction where evidence was destroyed potentially in bad faith, and further specifying that inference must be subject to reasonable rebuttal testimony).[5]

Accordingly, it was wholly improper to issue a mandatory adverse inference instruction here, much less a mandatory instruction without providing for possible rebuttal. Given that there

---

[5] Indeed, even when a mandatory adverse inference instruction is given, the inference is still simply a rebuttable presumption. See, e.g., Pension Comm., 685 F. Supp. 2d at 480.

was nothing approaching destruction of the evidence in question by Defendants, but merely their failure to produce that evidence in London while volunteering to bear the cost of enabling Plaintiff to obtain that evidence in Australia, no such instruction was warranted.

## CONCLUSION

Given the lack of any finding in the Order of prejudice to Plaintiff from Defendants' not having produced Viner in London for a deposition (much less any prejudice that Plaintiff could not have mitigated itself at no cost), and the Order's provisions awarding other sanctions (preclusion and costs), the adverse inference instruction provisions of the Order should be stricken. Assuming that sanctions are to be awarded here at all (which they should not have been), Defendants respectfully request that such sanctions be limited to the preclusion and costs provisions already set forth in the Order. Moreover, if any adverse inference instruction is given here, the Order should be modified to strike the word "must" from the adverse inference provision and instead instruct that the jury simply "may" draw the specified inference.

Dated: New York, New York
September 6, 2011

Respectfully Submitted,

CHADBOURNE & PARKE LLP

By: *s/ Scott Balber*_____
Scott S. Balber
sbalber@chadbourne.com
Robert A. Schwinger
rschwinger@chadbourne.com
Paul J. Tanck
ptanck@chadbourne.com
30 Rockefeller Plaza
New York, New York  10112
Tel.: (212) 408-5100
Fax: (212) 541-5369

*Attorneys for Defendants*

11