UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
FIDELITY INFORMATION SERVICES, INC.,

                Plaintiff,

-against-                                        09 Civ. 7589 (LAK)

DEBTDOMAIN GLMS PTE. LTD., et al.,

                Defendants.
------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff appeals from the August 11, 2011 order of Magistrate Judge Kevin Nathaniel Fox, which denied its motion for leave to serve and file a fourth amended complaint in this action. They contend that the magistrate judge erred – first in finding that plaintiff unduly delayed and, second, in finding that the defendants would be prejudiced.

        Allowance of leave to amend after the expiration of a deadline for such applications set in a pretrial scheduling order depends upon a showing of "good cause" within the meaning of Fed. R. Civ. P. 16(b). *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). That rule thus "provides the district courts discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side." *Kassner v. 2d Avenue Delicatesssen Inc.*, 496 F.3d 229, 243-44 (2d Cir. 2007).

        In this case, the plaintiff already has amended its complaint three times. The action has been pending more than two years. It has been intensely litigated. Judge Fox was more than justified in concluding that plaintiff was aware of the facts upon which this proposed amendment was based before July 1, 2010, at the latest, but did not seek leave to amend until late September 2010 despite the fact that the deadline for amendment of pleadings already had expired in March. While that alone is not dispositive, it certainly is relevant in considering whether plaintiff acted with sufficient diligence. And it is not much of an answer to say, as plaintiff does, that it was busy during that time period. Moreover, plaintiff has not effectively challenged Judge Fox's conclusion that what actually occurred was that plaintiff "chose to pursue its allegations as part of an unfair competition claim, rather than" as the separate causes of action now proposed to be added by amendment, only changing its mind a few months later. DI 142, at 5.

2

        Nor has plaintiff undermined Judge Fox's finding that allowing the amendment at this late date would be prejudicial. Judge Fox has been presiding over pretrial proceedings in this matter for a long time. I see no sufficient reason to question his judgment that "[a]dditional discovery regarding the new claims is necessary. " *Id.*

        The ruling of a magistrate judge on a non-dispositive matter may be overturned only if it is clearly erroneous or contrary to law. *E.g.,* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b). There was neither, and their was no abuse of discretion either.

        The August 11, 2011 order, which denied plaintiff's motion for leave to amend, is affirmed.

        SO ORDERED.

Dated:    September 7, 2011

                                                      /s/ Lewis A. Kaplan
                                                          Lewis A. Kaplan
                                                      United States District Judge