UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
FIDELITY INFORMATION SERVICES, INC.,

                      Plaintiff,

            -against-                                  09 Civ. 7589 (LAK)

DEBTDOMAIN GLMS PTE. LTD., et al.,

                      Defendants.
------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        By order dated August 11, 2011, Magistrate Judge Kevin Nathaniel Fox granted, among other things, plaintiff's cross-motion for sanctions and, specifically, precluded defendants from calling Mr. Viner as evidence in support of any motion made or hearing or trial held in this action and informed the Court that an instruction should be given at trial that the jury must infer that Mr. Viner's testimony as to the work he did respecting the redesign of the defendants' "Notes Screen" or "Notes Page," would have been adverse to the defendants. Defendants object, focusing their attention on the recommended adverse inference instruction. The argue principally that there has been no showing of prejudice because Viner's testimony was available to plaintiff via teleconference from Australia or live in Australia at no expense to the plaintiff.

        The Magistrate Judge certainly was within his rights in concluding that a telephonic deposition from New York of a witness in Australia, particularly an apparently hostile witness, would be a poor substitute for a live deposition with witness and examiner in the same room. However great the improvements in telecommunications, live testimony clearly would be better than a telephone conference. Moreover, while defendants apparently did offer to pay the airfare of one of plaintiff's lawyers to go to Australia, Tanck Decl. [DI 149] Ex. D, there was no offer to pay lodging and subsistence costs or to compensate plaintiff or its counsel for the substantial loss of working time – time that doubtless presumably have been billed to other clients – that necessarily would have been caused by the lengthier travel to and from Australia and the concomitant absence of counsel from his regular endeavors. Accordingly, the Magistrate Judge did not err in implicitly finding that plaintiff has been prejudiced by the defendants' failure to produce Mr. Viner in London as they were directed to do. In any case, this Court independently finds prejudice on the foregoing basis, assuming but not deciding that such a finding is necessary.

        That said, the order appealed from is affirmed. This Court, however, reserves to itself the precise formulation of an adverse inference instruction that will be given.

        SO ORDERED.

Dated:       September 28, 2011

                                                                    Lewis A. Kaplan
                                                   United States District Judge