USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 9/28/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FIDELITY INFORMATION SERVICES, INC.,

                Plaintiff,

            -against-                            09 Civ. 7589 (LAK)

DEBTDOMAIN GLMS PTE. LTD., et al.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

       This matter is before the Court on (1) plaintiff's objections to the report and recommendation of Magistrate Judge Kevin Nathaniel Fox (DI 141), which recommended that defendants' motion for summary judgment dismissing the complaint (DI 127) be granted, and (2) defendants' motion to exclude the testimony of plaintiff's proposed expert witness, Mr. Mauro (DI 147).

*The Summary Judgment Motion*

       The magistrate judge recommended dismissal of plaintiff's three claims: (1) the copyright infringement claim on the ground that plaintiff had failed to adduce admissible evidence that the allegedly infringed screen display generated by SyndTrak 3.269, a derivative work registered in 2009, after the commencement of the alleged infringement, actually was contained in an unregistered version of the software that was in existence at the time of the alleged infringement and was then swept into protected status by virtue of the 2009 registration of SyndTrak 3.269 as a derivative work; (2) the breach of contract claim on the ground that there was no admissible evidence of breach; and (3) the unfair competition claim on the ground that it is preempted to the extent it rests on the copyright claim and duplication to the extent it rests on the alleged breach of contract.

       1.     While plaintiff notes its disagreement with the ruling on the contract claim, it does not challenge it. Accordingly, defendants are entitled to dismissal of that claim.

       2.     The unfair competition claim duplicates the copyright claim and to that extent is preempted by it. To the extent plaintiff attempts to rest it on new matter, it relies on allegations that do not appear in the Third Amended Complaint, allegations moreover with respect to which the Court

denied leave to amend.

        3.    The principal argument plaintiff advances with respect to the recommended dismissal of the copyright infringement claim is that the argument relied upon by the Magistrate Judge first was raised in defendants' reply memorandum and that they did not have an adequate opportunity to meet it. Indeed, they seek to submit additional evidence with respect to the issue in support of their objections to the R&R.

It is not immediately obvious that the argument defendants relied upon and that was adopted by the Magistrate Judge, fairly considering the entire record, first was raised in the reply memorandum. Indeed, there is at least some reason to believe that the point was made in the moving papers, albeit considerably less specifically than later, and that the plaintiff so understood and responded accordingly. In all the circumstances, however, the Court would benefit from the considered views of Magistrate Judge Fox in light of the entire record and, if he chooses to consider it, the additional evidence the plaintiff has sought to offer to me.

Accordingly, that aspect of the motion for summary judgment will be denied without prejudice to renewal before the Magistrate Judge who, at his discretion, may limit the record to the materials previously before him.

*The Motion to Preclude*

The motion to preclude the testimony of plaintiff's expert at this stage is entirely or at least quite probably academic, as the case may well be disposed of without reference to his testimony. The motion to preclude therefore will be deferred against the possibility that its resolution will prove important.

*Conclusion*

Defendants motion for summary judgment dismissing the complaint (DI 125) is granted to the extent that the breach of contract and unfair competition claims are dismissed. It is denied, insofar as it seeks dismissal of the copyright infringement claim, within prejudice to renewal before the Magistrate Judge on the basis described above. The motion to preclude the testimony of plaintiff's expert (DI 123) is denied without prejudice. The Magistrate Judge may consider the objections to the testimony if it is material any renewed summary judgment motion. The Court may consider them in the event the case proceeds to trial.

SO ORDERED.

Dated:      September 28, 2011

                                                                 Lewis A. Kaplan
                                                               United States District Judge