Mark H. Moore
REAVIS PARENT LEHRER LLP
41 Madison Avenue
New York, New York 10010
Tel.: (212) 763-4100
Fax: (212) 763-4141
mmoore@rpl-law.com

*Attorneys for Plaintiff Fidelity Information Services, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FIDELITY INFORMATION SERVICES, INC., | |
| Plaintiff, | ECF Case |
| v. | Case No. 09-cv-07589 (LAK) |
| DEBTDOMAIN GLMS PTE LTD., DEBTDOMAIN (USA) INC., DAVID LEVY and SETH ROTHMAN, | |
| Defendants. | |

**NOTICE OF FILING BY FIDELITY INFORMATION**
**SERVICES, INC. OF LETTER SUBMITTED TO MAGISTRATE JUDGE FOX**
**REGARDING DEFENDANTS' RENEWED SUMMARY JUDGMENT MOTION**

PLEASE TAKE NOTICE that attached as Exhibit A hereto is a true and correct copy of the

following:

1. Exhibit A: A letter to the Honorable Kevin N. Fox, U.S.M.J, from Plaintiff's counsel

dated October 7, 2011, in response to the letters dated October 4, 2011 and October 5, 2011 to

Magistrate Judge Fox from Defendants' counsel and in opposition to Defendants' renewed

summary judgment motion.

Dated: New York, New York
       October 18, 2011

Respectfully submitted,

**REAVIS PARENT LEHRER LLP**
*Attorneys for Plaintiff*
*Fidelity Information Services, Inc*

By

Mark H. Moore
mmoore@rpl-law.com
41 Madison Avenue, 41st Floor
New York, NY 10010
Tel.: (212) 763-4100
Fax: (212) 763-4141

2

# EXHIBIT A

# REAVIS PARENT LEHRER LLP

Mark H. Moore*
mmoore@rpl-law.com

*admitted in New York

41 Madison Avenue
41st Floor
New York, NY 10010

Telephone (212) 763-4100
Facsimile (212) 763-4141

www.rpl-law.com

October 7, 2011

## Via Facsimile ((212) 805-6710)

The Honorable Kevin N. Fox
Daniel Patrick Moynihan
United States Courthouse, Courtroom 20A
500 Pearl Street
New York, NY 10007-1312

Re:    *Fidelity Information Servs., Inc. v. Debtdomain GLMS Pte LTD., et al.*
       *Case No. 09-cv-07589 (LAK)(KNF)*

Dear Judge Fox:

        We represent plaintiff Fidelity Information Services, Inc. ("FIS") and respond to the October 4, 2011 letter, as corrected on October 5, 2011, from Scott S. Balber, Esq., counsel for Defendants, renewing Defendants' Motion for Summary Judgment ("Balber Letter"). For the reasons discussed further below and in all the prior papers submitted herein,[1] Defendants' renewed motion should be denied.

---

[1]  Defendants renew their motion by letter application, without filing a formal motion or supporting documentation. FIS does not object to proceeding on this basis to avoid duplicative filings, and in opposition to Defendants' renewed motion for summary judgment, FIS incorporates herein by reference the original papers submitted in opposition to that motion (November 1, 2010 Plaintiff's Opposition to Defendants' Summary Judgment Motion (Dkt. 137), including supporting declaration and exhibits and Rule 56.1 statements, identified as Items 2a. through 2.e.v. in Schedule A to the Balber Letter). Because these papers were previously filed with Your Honor, FIS will not refile them, but will provide additional courtesy copies if the Court desires them. In addition, FIS incorporates herein by reference the supplemental Declarations, each dated August 23, 2011, of Lawrence Brocchini, Eric Cetron, and Charles Mauro, and exhibits thereto ("Supplemental Declarations") (Dkt. 147), submitted in support of FIS' objection to the Report, which Judge Kaplan has directed (September 28, 2011 Order ("Order") (Dkt 159) at 2) that this Court may consider on the renewed motion. Additionally, FIS incorporates in full the arguments set forth in the Objection of Plaintiff Fidelity Information Services, Inc. to Report and Recommendation of Magistrate Judge Kevin Nathaniel Fox ("Objection") (Dkt 147) and the Response of Plaintiff Fidelity Information Services, Inc. to Order to Show Cause, Dated September 7, 2011 ("Response") (Dkt 155), both filed before Judge Kaplan in connection with FIS' objection to the Report. The Supplemental Declarations, Objection and Response have been submitted to this Court as "Schedule B" documents by Defendants, are incorporated herein by reference in full in opposition to the renewed motion and, to avoid duplication, will not be resubmitted by FIS. Alternately, FIS is available at the Court's convenience to discuss logistics and procedures that the Court might require to facilitate its consideration of the renewed motion.

Your Honor's August 11, 2011 Report and Recommendation ("Report") (Dkt. 141) recommended that Judge Kaplan grant Defendants' motion for summary judgment dismissing FIS' copyright claim based on the incorrect premise that FIS is only asserting infringement of a version of its SyndTrak software (version 3.269) post-dating Defendants' infringement commencing in 2008. (*See* Report at 5-7.) As discussed below, that conclusion is factually incorrect. Judge Kaplan's Order denied that aspect of Defendants' motion for summary judgment without prejudice to renewal, and indicated that he would benefit from this Court's view of the record on this issue, particular in light of FIS contention that this argument was made only for the first time in reply and nevertheless is contrary to record evidence previously before Your Honor. (Order at 2.)

Defendants' renewed motion again argues the incorrect position that FIS is not asserting infringement of a pre-existing version of its SyndTrak software. (*See* Balber Letter at 2.) As described more fully in the Objection and Response, however, record evidence before Your Honor, including FIS' copyright registrations and both parties' expert's opinions, demonstrates that Defendants are not entitled to summary judgment because FIS *is asserting infringement of a SyndTrak version that pre-dates Defendants' infringement.* (*See* Objection at 10-16; Response at 11-15 (citing record evidence identified below).)

First, as discussed in the Objection and Report, the undisputed factual record before Your Honor evidences the fact that FIS owns a copyright on a 2005 version of SyndTrak – version 3.1.222. (*See* U.S. Copyright Registration TX 6-943-321 for SyndTrak version 3.1.222, with stated completion date of 2005, Exhibit 1 to the Third Amended Complaint, which is Exhibit 1 to the Balber Decl.;[2] *see also* Moore S.J. Declaration Exh. N. at 4 (FIS Response to Interrogatory No. 11, stating that SyndTrak "build release 3.1.222 was created on or around August 17, 2005"), cited and discussed in Objection at 10-11; Response at 12.) The SyndTrak 3.1.222 copyright certificate of registration – which was of record before Your Honor – constitutes *prima facie* evidence of the validity of the copyright and establishes FIS' stated 2005 completion date. *See* 17 U.S.C. § 410(c). Because Defendant's never rebutted the presumption created by that filing, the 2005 completion date for version 3.1.222 is established conclusively for purpose of Defendants' initial motion to dismiss – and its renewed motion – and no additional evidence is needed to establish that point. *See* 17 U.S.C. § 410(c).

Second, FIS proffered evidence before Your Honor – in the form of expert report and analysis – that Defendants' software infringes the 2005 version 3.1.222 of SyndTrak's main

---

[2] "Balber Decl." refers to the Declaration of Scott S. Balber in Support of Defendants' Motion for Summary Judgment, and exhibits thereto, which is part of the original record on Defendants' summary judgment motion. "Moore S.J. Decl." refers to the November 1, 2010 Declaration of Mark H. Moore in Opposition to Defendants' Motion for Summary Judgment, and exhibits thereto, which is also part of the original summary judgment record. "Moore Contempt Decl." refers to the September 22, 2010 Declaration of Mark H. Moore in support of FIS' motion for contempt, which, together with its exhibits, is Moore S.J. Decl. Exh. B, and therefore was part of the original summary judgment record.

Hon. Kevin N. Fox
October 7, 2011
Page 3 of 4

screen, as well as the analytically identical 2009 version. (*See* Expert Report of Charles L. Mauro CHFP ("Mauro Report"), Moore Contempt Decl. Exh. 51, at ¶¶ 13, 16; Expert Report of Benjamin B. Bederson ("Bederson Report"), Moore S.J. Decl. Exh. F. ¶¶ 18, 57, 80.) Both FIS' expert, Charles Mauro, and Defendants' expert, Benjamin B. Bederson, submitted reports which were part of the original summary judgment record before Your Honor in which each expert stated his conclusion that for the purposes of copyright analysis, the two versions of the software were identical and accordingly their respective expert opinions as to Defendants' infringement would hold true for both the 2005 SyndTrak version 3.1.222 and the later version 3.269. (*See* Mauro Report ¶¶ 13, 16; Bederson Report, Moore S.J. Decl. Exh. F, ¶¶ 57, 80, discussed in Objection at 13-15; Response at 13-14; *see also* Elkayam Dep. Tr., Moore S.J. Decl. Exh. H, at 18-19.) This evidence was all of record on Defendants' original motion. And, this record evidence from *both parties' experts*, without more, provides the basis for rejecting Defendants' erroneous contention that FIS has not demonstrated infringement of the pre-existing, 2005 version of SyndTrak because it demonstrated that FIS owns a copyrighted version of SyndTrak pre-dating Defendants' infringement commencing in 2008 and continuing to this day, and has asserted and supported a claim for infringement of that pre-existing version. Accordingly, Defendants' renewed motion should be denied.

In filing its Objection, FIS submitted the Supplemental Declarations, as permitted under both Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) (district judge may receive further evidence or recommit the matter with instructions), designed simply to supplement the existing record and remove any possible doubt that FIS was alleging and had supported its claim of Defendants' infringement of the 2005, pre-existing SyndTrak version 3.1.222. Judge Kaplan's remand order permits this Court to consider the Supplemental Declaration (Order at 2), and for the reasons discussed below, Defendants' request that that Court ignore the Supplemental Declarations should be denied.

As detailed in the Objection and Response, consideration of additional information submitted to Judge Kaplan and now to Your Honor is fully appropriate and justified because the Report and Defendants' renewed motion both challenge FIS' federal copyright claim on a ground *which was advanced by Defendants before Your Honor only for the first time in their reply papers on the original motion.* (*See* Objection at 6-8; Response at 3-11.) FIS received no notice of that contention prior to filing its opposition to the original motion, and, therefore, FIS had no reason to address it or opportunity to reply to that argument, not even at oral argument, which was not held. (*See* Objection at 6-8; Response at 5-6, 7-8.) Courts traditionally ignore such belated arguments. (*See* Objection at 8; Response at 5, and authority cited therein; *see, e.g.*, *Domino Media, Inc. v. Kranis*, 9 F. Supp. 2d 374, 387 (S.D.N.Y. 1998) (citations omitted) (refusing to consider argument made by cross-movant for summary judgment for the first time on reply) (Kaplan, J.).) But, if the Court will again consider that belated argument on this renewed motion, FIS should now at minimum be afforded an opportunity to directly refute the new argument. (*See* Objection at 8-9; Response at 6-7, and authority discussed therein.) Federal Rule

Hon. Kevin N. Fox
October 7, 2011
Page 4 of 4

of Civil Procedure 56 – to say nothing of simple, fundamental fairness – requires that FIS be given notice and an opportunity to respond before summary judgment is granted against it based on Defendants' new argument. *See, e.g., United States v. Gellerstein*, No. 08-cv-2702, 2011 WL 710446, at *1 n.1 (E.D.N.Y. Feb. 22, 2011). Thus, the Supplemental Declarations should be considered.

In any event, as discussed in the Response and above, FIS' supplemental information is cumulative of evidence already in the record before this Court. (*See* Objection at 10-16; Response at 11-15 (citing record evidence (*e.g.*, SyndTrak Registration, TAC Exh. 1; Mauro Report ¶¶ 13, 16; Bederson Report ¶¶ 18, 57, 80) and supplemental information (*e.g.*, Cetron Declaration ¶¶ 1-3; Mauro Declaration ¶¶ 3-6; Brocchini Decl. Exhibit 2 (main screen of SyndTrak 3.1.222)).) The additional information was added in an excess of caution to remove any possible doubt that, contrary to Defendants' reply argument and Your Honor's original conclusion, FIS *is asserting* a claim of infringement of its pre-existing, 2005 SyndTrak version 3.1.222, and has supported that position with record evidence that precludes summary judgment. (Objection 10-16; Response 11-15.) Taken with the prior record evidence, the Supplemental Declarations remove any doubt but that Defendants' motion should be dismissed. However, even if the Supplemental Declarations are disregarded, Defendants' renewed motion for summary judgment should be rejected based on the information previously before the Court.

Accordingly, FIS respectfully requests that Defendants' renewed motion for summary judgment be denied because FIS is asserting Defendants' infringement of a pre-existing version of SyndTrak, and has supported its infringement claim with record evidence, that it appropriately supplemented to remove any possible doubt about that conclusion. We also remain available at the Court's convenience to discuss any additional procedural or logistical considerations that might facilitate the Court's consideration of the issue.

Sincerely,

Mark H. Moore /ig

Mark H. Moore

cc:    Scott Balber, Esq. (via facsimile and e-mail)