```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIDELITY INFORMATION SERVICES, INC.,          :
                                              :
                    Plaintiff,                :
                                              :
        -against-                             :
                                              :       REPORT and RECOMMENDATION
DEBTDOMAIN GLMS PTE LTD.,                     :
DEBTDOMAIN (USA) INC.,                        :       09 Civ. 7589 (LAK)(KNF)
DAVID LEVY and SETH ROTHMAN,                  :
                                              :
                    Defendants.               :
------------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE LEWIS A. KAPLAN, UNITED STATES DISTRICT JUDGE

## INTRODUCTION

On March 26, 2010, Fidelity Information Services, Inc. ("FIS") filed the operative complaint in this action, asserting claims of copyright infringement and unfair competition against the defendants, Debtdomain GLMS Pte. Ltd. ("GLMS"), Debtdomain (USA) Inc. ("USA") (collectively with GLMS, "Debtdomain"), David Levy ("Levy"), and Seth Rothman ("Rothman"), as well as a breach of contract cause of action against Levy.

Before the Court is the defendants' renewed motion for summary judgment on FIS's copyright infringement claim.

## BACKGROUND

The defendants moved for summary judgment on October 1, 2010. A report and recommendation respecting that motion was issued on August 11, 2011. Through an order dated September 28, 2011, your Honor adopted the undersigned's recommendation to dismiss FIS's breach of contract and unfair competition claims, but rejected the undersigned's recommendation to dismiss FIS's copyright infringement claim. FIS contends that in analyzing the copyright infringement claim

-1-

previously, in connection with the summary judgment motion, the undersigned entertained arguments first raised by the defendants in their reply to FIS's opposition to their motion and, consequently, FIS did not have an adequate opportunity to respond to those arguments. FIS raised this concern in objections it lodged with your Honor regarding that portion of the report that recommended dismissal of its copyright infringement claim. In essence, FIS urged your Honor to reject that recommendation because its argument, that the defendants infringed the SyndTrak version 3.1.222 software–that FIS maintains was protected by a valid copyright during the period of alleged infringement–was not considered by the undersigned. In addition, FIS contends that it engaged an expert who reviewed the SyndTrak version 3.1.222 software, and rendered an opinion attesting to the infringing nature of the screen display generated by Debtdomain's software.[1]

In their original moving papers, the defendants sought summary judgment on FIS's copyright infringement claim based on their contentions that: (1) FIS's screen display was not protected by a copyright; and (2) substantial similarity between the screen display produced by FIS's software and the screen display produced by Debtdomain's software is lacking. The defendants engaged an expert who reviewed the SyndTrak version 3.1.222 software, and opined that the configuration of the screen display generated by Debtdomain's software was not a product of copyright infringement.

In a September 28, 2011 order, your Honor indicated that the court would benefit from the undersigned's reconsideration of FIS's copyright infringement claim in light of the objections to the report made by FIS, as it relates to the recommendation that FIS's copyright infringement claim be dismissed, and the arguments made by the defendants in pressing the court to reject FIS's objection and dismiss its copyright infringement claim.

---

[1] On October 1, 2010, the defendants filed a motion to exclude the report prepared by FIS's expert; that motion was denied through an order issued by your Honor on September 28, 2011.

The Court has considered anew the defendants' request for summary judgment on FIS's copyright infringement claim. In doing so, the Court has limited its review to the materials submitted to it by the parties when the motion was initially made, a confined review permitted by your Honor's September 28, 2011 order.

## DISCUSSION

**Summary Judgment Standard**

Summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law[.]" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A "dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." Id. A motion for summary judgment requests that a district court perform "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250, 106 S. Ct. at 2511.

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of" the record, including, inter alia, depositions, documents, and affidavits or declarations, that "it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986); see also Fed. R. Civ. P. 56(c)(1). Once the moving party has met its burden, the non-moving party must "go beyond the pleadings" and provide its own evidence or make citation to portions of the existing record that show a genuine triable issue exists. See Celotex, 477 U.S. at 324, 106 S. Ct. at 2553. To

defeat a motion for summary judgment, the non-moving party must come forward with more than "a scintilla of evidence[.]" Anderson, 477 U.S. at 252, 106 S. Ct. at 2512.

In evaluating a motion for summary judgment, a district court's "function is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249, 106 S. Ct. at 2511. Hence, a district court should not make credibility determinations in ruling on a motion for summary judgment. See id. at 255, 106 S. Ct. at 2513. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id.

**Liability for Copyright Infringement**

To prevail on a copyright infringement claim, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tele. Serv. Co., Inc., 499 U.S. 340, 361, 111 S. Ct. 1282, 1296 (1991). A certificate of registration from the United States Register of Copyrights "made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). The defendant bears the burden of proving the invalidity of a registered copyright. See Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 109 (2d Cir. 2001). Typically, a copyright registration is a precondition to filing an infringement claim in federal court. See Reed Elsevier, Inc. v. Muchnick, __U.S.__, 130 S. Ct. 1237, 1241 (2010).

**1.      Ownership of Valid Copyright**

Registration of a copyright in a computer program extends to "all copyrightable expression embodied in [the] . . . program, . . . including computer screen displays . . . ." Registration and Deposit of Computer Screen Displays, 53 Fed. Reg. 21817 (June 10, 1988); see Harbor Software, Inc. v. Applied Sys., Inc., 925 F. Supp. 1042, 1052 (S.D.N.Y. 1996) ("A copyright registration of the

code extends to the screen displays . . ."); 2-7 Nimmer on Copyright § 7.18 (describing the view that a single registration of a computer program extends to screen displays as "the correct approach").

FIS alleges that the defendants infringed its copyright by copying screen displays generated by its SyndTrak version 3.1.222 and SyndTrak version 3.269 software.[2] See Plaintiff's Third Amend. Compl., ¶ 34 ("Defendants, commencing after the creation of Fidelity's SyndTrak Software, and without Fidelity's authorization or consent, have produced . . . or sold the Syndication software, which . . . copied . . . SyndTrak software, as registered in the SyndTrak Registrations, thereby infringing Plaintiff's exclusive rights . . .") (emphasis added). In connection with the original motion for summary judgment, FIS produced valid certificates of registration for both versions of its software. The certificate of registration for the SyndTrak version 3.1.222 software indicates its effective date of registration is July 2, 2009, and its date of first publication is August 17, 2005. FIS alleges that the defendants copied the SyndTrak main screen display in October 2008. During the time of the alleged infringement, FIS possessed a valid copyright that protected the screen display generated by the SyndTrak version 3.1.222 software. See 17 U.S.C. § 410(c); Registration and Deposit of Computer Screen Displays, 53 Fed. Reg. 21817 (June 10, 1988).

**2.    Substantial Similarity**

"The plaintiff may prove defendant's copying either by direct evidence or, as is most often the case, by showing that (1) the defendant had access to the plaintiff's copyrighted work and (2) that defendant's work is substantially similar to the plaintiff's copyrightable material."[3] Computer Assocs.

---

[2] According to the Certificate of Registration for the SyndTrak version 3.269 software submitted by FIS in opposition to the defendants' original motion for summary judgment, the SyndTrak version 3.269 software was first published on April 1, 2009. However, a plaintiff may not "register and sue on a version of a software program that was created after the version that Defendants allegedly copied, by . . . characterizing the registered work as a derivative of an earlier work that was created before the alleged infringement." Oskar Sys., LLC v. Club Speed, Inc., 745 F. Supp. 2d 1155, 1163 (C.D. Cal. 2010). FIS alleges that the infringement of its software by the defendants commenced in 2008; accordingly, FIS did not have a valid copyright protecting the SyndTrak version 3.269 software during the relevant period, for which it may sue for infringement in this action.

[3] For the purpose of their summary judgment motion, the defendants did not contest the access prong of the copying element of the infringement claim, but reserved their right to contest it in the future.

Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 701 (2d Cir. 1992).  The inquiry into substantial similarity often raises questions of fact.  However, the lack of substantial similarity between protectable aspects of two works may be "so clear as to fall outside of the range of disputed fact questions requiring resolution at trial."  Walker v. Time Life Films, Inc., 784 F.2d 44, 48 (2d Cir. 1986) (citation and internal quotation marks omitted); see also Kregos v. Associated Press, 3 F.3d 656, 663 (2d Cir. 1993) ("[s]ummary judgment may be appropriate when the similarity between the competing works concerns only non-copyrightable elements of the plaintiff's work, or when no reasonable jury, properly instructed, could find that the two works are substantially similar[.]") (citation and internal quotation marks omitted).

The record before the Court, when it considered the defendants' original motion for summary judgment, did not contain a copy of a SyndTrak version 3.1.222 screen display.  However, at the time that the defendants moved for summary judgment, they had access to a SyndTrak version 3.1.222 screen display, as is evidenced by their: (i) reference to it in their moving papers; and (ii) expert's analysis of it in connection with the report he produced on their behalf.  See Defs.' Mem. of Law in Supp. of their Mot. For Summ. J., at 5 ("Plaintiff filed for copyright registrations just for certain versions of the SyndTrak software as a whole . . . SyndTrak 3.1.222 and . . . SyndTrak 3.269."); see Decl. of Mark H. Moore in Opp'n to Defs.' Mot. for Summ. J., Expert Report of Benjamin B. Benderson, Ex. F., ¶ 18 ("In the preparation of this report, I reviewed . . . the SyndTrak and Debtdomain software in detail by running the software within virtual machines . . . I examined version 3.1.222 and version 3.269 of SyndTrak and the 'new' and 'old' versions of Debtdomain.").

As the movants, it was incumbent upon the defendants to identify where in the record, if anywhere, the SyndTrak version 3.1.222 screen display existed in order to enable the Court to perform a similarity analysis of the screen display produced by Debtdomain's software and the screen display generated by the SyndTrak software, to determine whether the defendants had

demonstrated that no genuine issue of material fact existed and that they were entitled to judgment as a matter of law on the plaintiff's infringement claim. See Celotex, 477 U.S. at 323, 106 S. Ct. at 2553. The defendants failed to do so.

Without a screen display generated from the SyndTrak version 3.1.222 software, the Court is unable to evaluate, whether "the [defendant's] work is substantially similar to the plaintiff's copyrightable material." Altai, Inc., 982 F.2d at 701. Inasmuch as summary judgment may be appropriate when the similarity between the competing works concerns only non-copyrightable elements of the plaintiff's work, or when no reasonable jury, could find that the two works are substantially similar, the Court is unable to make such findings without viewing, for a similarity analysis, the screen displays in question. See Kregos, 3 F.3d at 663.

Furthermore, the parties have submitted competing evidence that creates a genuine issue of material fact regarding whether the screen display generated by Debtdomain's software is substantially similar to the screen display generated by the SyndTrak software. For example, in the declaration submitted by FIS's expert Charles L. Mauro ("Mauro"), in opposition to the defendants' motion for summary judgment, he states that his assessment of the infringing nature of the defendants' screen display applies equally to both the SyndTrak version 3.1.222, and SyndTrak version 3.269 software. See Decl. of Mark H. Moore in Opp'n to Defs.' Mot. for Summ. J., Expert Report of Mauro, Ex. 51., ¶ 16 ("I have . . . reviewed . . . SyndTrak software versions 3.1.222 and 3.269 . . . [a]lthough for the comparison below I used version 3.269 of Syndtrak, my conclusion[] [that Debtdomain's screen display and the SyndTrak version 3.269 screen display are substantially similar] would also hold true for version 3.1.222.").

The defendants' expert, Benjamin B. Benderson ("Benderson"), agreed with Mauro's assessment that the screen displays generated by the SyndTrak version 3.1.222 and 3.269 software, were so similar that no need existed for comparing the screen display generated by each SyndTrak

software independently to the Debtdomain screen display for an infringement analysis. See Decl. of Mark H. Moore in Opp'n to Defs.' Mot. for Summ. J., Expert Report of Benderson, Ex. F., ¶ 57("I am unaware of differences between the Syndtrak versions [3.1.222 and 3.269] which would change my analysis. Thus, in my opinion, my conclusions regarding version 3.269 also hold true for version 3.1.222"). In contrast to Mauro's opinion, Benderson opines that he does "not believe that any of the Debtdomain screens . . . can be considered to be substantially similar to the SyndTrak screens . . ." Decl. of Mark H. Moore in Opp'n to Defs.' Mot. for Summ. J., Expert Report of Benderson, Ex. F., ¶ 90. Based on the: (1) contradictory positions taken by the parties' proposed expert witnesses on a material issue of fact: whether the screen displays generated by the parties' respective software are substantially similar; and (2) inability of the Court, in the absence of a SyndTrak version 3.1.222 screen display, to determine whether a lack of similarity exists between protectable aspects of the two works that is "so clear as to fall outside the range of disputed fact questions requiring resolution at trial," granting summary judgment to the defendants is neither reasonable nor appropriate. Walker, 784 F.2d at 48.

## RECOMMENDATION

For the reasons set forth above, I recommend that your Honor deny the defendants' motion for summary judgment, on the plaintiff's copyright infringement claim.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan, 500 Pearl Street, Room 2240, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for

filing objections must be directed to Judge Kaplan. *Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.* See <u>Thomas v. Arn</u>, 474 U.S. 140, 145, 106 S. Ct. 466, 470 (1985); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992); <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 58-59 (2d Cir. 1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York  
May 15, 2012

Respectfully submitted,

*/s/ Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE